OPINION
Appellant, Gary Kiraly, appeals from an order of the Geauga County Court of Common Pleas denying his petition for postconviction relief. Because the trial court properly denied appellant's motion, we affirm.
On July 3, 1989, appellant was indicted by the Geauga County Grand Jury on the following five counts: aggravated vehicular homicide in violation of R.C. 2903.06 with physical harm and drunk driving specifications; involuntary manslaughter in violation of R.C. 2903.04(B); driving while intoxicated in violation of R.C.4511.19(A)(1); reckless operation in violation of R.C. 4511.20; and operating a motor vehicle without reasonable control in violation of R.C. 4511.202. The indictment stemmed from allegations that appellant was involved in a traffic accident, while intoxicated, that resulted in the death of Anna Waitinas. Appellant, represented by counsel, entered an initial plea of not guilty on all counts.
On January 12, 1990, appellant entered a negotiated plea of guilty to involuntary manslaughter and driving while intoxicated. After a recitation of appellant's rights, which included a determination that appellant's plea was knowing and voluntary, the trial court accepted appellant's plea.[1] Upon application of the state, the trial court dismissed the remaining counts in the indictment. The trial court then referred the matter for a pre-sentence report and investigation.
By judgment entry dated March 8, 1990, appellant was sentenced to serve concurrent terms of incarceration of five to ten years for the charge of involuntary manslaughter and six months for the charge of driving while intoxicated. The court suspended appellant's driver's license for a period of three years and ordered him to make restitution to the family of Anna Waitinas for any out of pocket expenses that were not covered by insurance. Appellant was further ordered to make restitution in the amount of $913.73 to the other parties involved in this fatal automobile accident. Appellant has never directly appealed his final judgment of conviction.
On September 6, 1991, appellant moved to suspend further execution of sentence pursuant to R.C. 2947.061.[2] It is apparent from the record that, pursuant to the parties' plea agreement, the trial court agreed in principal to grant appellant shock probation under certain circumstances. By judgment entry filed October 25, 1991, the trial court ordered that further execution of appellant's sentence be suspended and that he be placed on probation for a period of five years subject to the court's usual conditions of probation as well as the following conditions:
 1. Defendant shall obey all laws of the State and not leave the State of Ohio without permission of the Court.
 2. Defendant shall not use drugs or alcohol in any form unless prescribed by a physician.
 3. Defendant shall not frequent bars or places where alcoholic beverages are served as the main source of income.
 4. Defendant shall undergo an evaluation by any program approved by the Probation Department and follow any recommendations made, including but not limited to Alcoholics Anonymous.
 5. Defendant's operator's permit shall remain suspended pursuant to the order in the judgment of conviction.
 6. Random urinalysis for drugs and alcohol to be conducted by the probation department for the term of probation. The defendant shall be responsible for costs of said testing.
 7. Two Hundred Fifty (250) hours of community service work to be performed during the term of probation.
 8. Defendant will be ordered to pay the family of the victim for expenses caused by the death of the victim including, but not limited to funeral expenses, medical expenses and automobile repairs which are not paid by insurance. In addition, said defendant shall pay $200.00 to Richard Wallace.
 9. Defendant shall pay all costs relative to this matter."
On February 7, 1996, the state filed a petition accusing appellant of violating several terms of his probation. Following a probable cause hearing on said petition, the trial court, on March 11, 1996, conducted an evidentiary hearing wherein appellant admitted that he had violated the terms of his probation. By judgment entry filed March 13, 1996, the trial court reimposed the original term of incarceration with 638 days credited for time served.
On September 9, 1996, appellant filed a petition, pursuant to R.C. 2953.21, requesting the trial court to set aside the judgment of conviction and/or to permit him to withdraw his plea of guilty. In his petition, appellant makes unsubstantiated claims as to the ineffectiveness of his trial counsel and proclaims his innocence. Appellant states that he has been wrongfully accused in the death of Anna Waitinas and that he was "persuaded" by his attorney to "plead guilty on the ground that he would lose this case if taken to trial because of the evidence the State had against him."
In his petition for postconviction relief, appellant attached an affidavit from Barbara Kiraly stating that appellant's trial attorney told her that he had destroyed appellant's file. Additionally, appellant provided in his petition a copy of the victim's medical reports including the coroner's verdict, a copy of the emergency department report for himself, and a copy of the traffic accident report which included diagrams and statements from witnesses at the accident scene. Appellant provided the trial court with no other documentary evidence supporting his claims as to the ineffectiveness of his trial counsel or his innocence.
On September 20, 1996, the trial court denied appellant's petition. From this judgment, appellant filed his Notice of Appeal on December 19, 1996. On March 5, 1997, this court determined that the judgment entry denying appellant's petition for postconviction relief was not presently appealable as the trial court failed to set forth sufficient findings of fact and conclusions of law as required by R.C. 2953.21(G). This court remanded the matter for a period of thirty days for the trial court to comply with R.C. 2953.21(G) and instructed the clerk to refile the record in this case upon the trial court's resolution of the aforementioned matter. The trial court has since complied with our order and this matter has proceeded according to rule.
Appellant, in his sole assignment of error, alleges the following:
 "The trial court erred as a matter of law by ruling that [appellant's] motion for postconviction relief was not timely filed."
In accordance with our earlier remand, the trial court submitted, on March 7, 1997, findings of fact and conclusions of law as to its reasons for denying appellant's petition for postconviction relief. As one of the reasons given for denying appellant's petition, the trial court noted that the petition was not filed within the time constraints as set forth in R.C.2953.21(A)(2).
R.C. 2953.21(A)(2), effective September 21, 1995, provides:
 "A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or the date on which the trial transcript is filed in the Supreme Court if the direct appeal involves a sentence of death. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
At first blush, it would appear that appellant's petition was not filed within the one hundred eighty-day time limit set forth in R.C. 2953.21. However, Section 3 of Senate Bill 4, amending R.C. 2953.21, contains the following savings language:
 "A person who seeks postconviction relief pursuant to sections 2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act or to an adjudication as a delinquent child and order of disposition issued prior to the effective date of this act shall file a petition within the time required in division (A)(2) of section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later."
Since appellant was convicted prior to September 21, 1995, his petition for postconviction relief, filed September 9, 1996, was timely. State v. Broome (Sept. 12, 1997), Geauga App. No. 96-G-2021, unreported; State v. Ankrom (June 30, 1997), Franklin App. No. 96APA11-1616, unreported; State v. Drake (Apr. 23, 1997), Lorain App. No. 96CA006551, unreported; State v. Brown (Mar. 10, 1997), Tuscarawas App. No. 96AP100083, unreported.
The timeliness of appellant's petition for postconviction relief, however, does not require this court to remand this matter for further proceedings. The trial court also reached the merits of appellant's argument and determined that his representation by counsel was not only effective but exceptional in terms of the beneficial result appellant received through plea negotiations. The trial court held that appellant's petition was a sham and that appellant remained in prison as a consequence of his own wrongdoings, namely, violating the terms of his probation.
Appellant assigns no error to the trial court's ruling on the merits of his petition. Consequently, as the trial court stated an alternative reason for denying appellant's petition, the trial court's erroneous ruling as to the timeliness of his petition is harmless. Furthermore, there is no basis for overturning the trial court's ruling on the merits of appellant's motion as appellant submitted no evidence, outside of the record, to support his assertion that he received the ineffective assistance of counsel.[3] As this court stated in State v. Oliver (Dec. 26, 1997), Trumbull App. No. 97-T-0014, unreported, at 6-7:
 "[The Supreme Court of Ohio has] held that it is the petitioner who bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the petitioner was prejudiced by counsel's ineffectiveness [State v. Jackson (1980), 64 Ohio St.2d 107, syllabus.] Moreover, in raising an ineffective assistance of counsel claim in cases involving a plea, `the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty. * * *' Hill v. Lockhart (1985), 474 U.S. 52, 59."
Appellant failed to set forth sufficient documentary evidence in support of his claim that he received the ineffective assistance of trial counsel, and, thus, was not entitled to an evidentiary hearing pursuant to R.C. 2953.21. The judgment of the trial court is affirmed.
WILLIAM M. O'NEILL, JUDGE.
NADER, P.J., and CACIOPPO, J., Ret., Ninth Appellate District, sitting by assignment, concur.
[1] We note that the record before this Court does not contain a transcript of the plea hearing. However, the trial court's judgment entry of January 23, 1990, reflects that the court did not accept appellant's plea until "after addressing the defendant personally and determining that he was making his pleas knowingly and voluntarily; * * *." Furthermore, appellant does not challenge the Crim.R. 11 proceeding or otherwise demonstrate any error in that regard.
[2] R.C. 2947.061, providing for shock probation, has been repealed effective July 1, 1996.
[3] We note that the trial court could have considered appellant's motion as a motion to withdraw his guilty plea pursuant to Crim.R. 32.1. However, even if we were to address appellant's appeal as a denial of his Crim.R. 32.1 motion, we would affirm the trial court's judgment. "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." Statev. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus. Moreover, "[a] motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." Id. at paragraph two of the syllabus.