Defendant-appellant Daniel C. Graham appeals the July 16, 1998 Judgment Entry of the Licking County Court of Common Pleas which dismissed his petition for post-conviction relief. Plaintiff-appellant is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS
Appellant and Paul Duncan, his co-defendant at trial, burglarized the Merkle family residence on September 20, 1979. The victim in this case, Roberta Peters, was a native of Arizona and a recent college graduate. At the time of her murder, Ms. Peters was dating John Merkle and was residing at the Merkle residence while attempting to secure employment in the Granville area. On the day of the burglary, Ms. Peters was the only person home at the Merkle residence.
During the course of the burglary, appellant and Paul Duncan decided to kill Ms. Peters, the only witness to their burglary. While in the Merkle residence, the men shot Ms. Peters in the head and disposed of her body in the backyard of the Merkle residence. Upon returning home from Columbus, John Merkle discovered the residence had been burglarized and found Ms. Peters' body in the backyard.
Although appellant and Paul Duncan were considered suspects as early as September, 1979, they were not indicted by the Licking County Grand Jury until November 27, 1996. The grand jury indicted appellant and Paul Duncan, each, on one count of aggravated murder. On February 18, 1997, appellant filed a motion to dismiss the indictment based upon the denial of his state and federal constitutional right to a speedy trial, right to due process and right to be free from double jeopardy. On April 21, 1997, appellant filed a motion asking the trial court to sever his trial from the trial of Paul Duncan. The trial court conducted hearings on the motions and subsequently overruled appellant's motions.
The jury trial of this matter commenced on September 27, 1997. Following deliberations, the jury found appellant guilty as charged in the indictment. The trial court sentenced appellant accordingly.
Appellant timely filed a notice of appeal to this Court which was assigned Case No. 97CA126. On November 30, 1998, this Court affirmed the decision of the trial court.
On June 3, 1998, appellant filed a timely petition for post conviction relief pursuant to R.C. 2953.21, alleging ineffective assistance of trial counsel. In addition, appellant filed a motion seeking a stay of the proceedings for sixty days to allow him to secure an affidavit from counsel of record. The State responded to the petition and to petitioner's request for the continuance. On July 16, 1998, the trial court dismissed the petition and filed its findings of fact and conclusions of law. It is from this dismissal appellant prosecutes this appeal assigning the following as error:
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT DANIEL CURTIS GRAHAM AND DENIED DUE PROCESS OF LAW BY DISMISSING THE PETITION FOR POSTCONVICTION [SIC] RELIEF WITHOUT CONDUCTING AN EVIDENTIARY HEARING PURSUANT TO ORC 2953.21.
 B. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT DANIEL CURTIS GRAHAM AND DENIED DUE PROCESS OF LAW BY FAILING TO ADDRESS THE ISSUE OF COUNSEL'S FAILURE TO INVESTIGATE AND/OR UTILIZE THE VECTOR-BORNE DISEASE UNIT [STATE BOARD OF HEALTH] INVESTIGATIVE TESTING PROCEDURE RESULTS IN THE JUDGMENT ENTRY AND FINDINGS OF FACT AND CONCLUSIONS OF LAW DATED JULY 16, 1998.
 II. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT DANIEL CURTIS GRAHAM AND DENIED DUE PROCESS OF LAW BY CITING THE DOCTRINE OF RES JUDICATA.
 I
Appellant's first assignment of error contains two separate arguments. The first is the trial court committed error by dismissing the petition for post conviction relief without conducting an evidentiary hearing. Second, appellant argues the trial court erred by failing to address his ineffective assistance of counsel argument. Because the issues are intertwined, we address them together.
R.C. 2953.21 does not expressly mandate a hearing for every post-conviction relief petition; therefore, a hearing is not automatically required. In determining whether a hearing is required, the Ohio Supreme Court has stated the pivotal concern is whether there are substantive grounds for relief which would warrant a hearing based upon the petition, the supporting affidavits and the files and records of the cause. State v.Jackson (1980), 64 Ohio St.2d 107.
As the Supreme Court further explained in Jackson, supra,
"[b]road assertions without a further demonstration of prejudice do not warrant a hearing for all post-conviction relief petitions." Id. at 111. Rather, a petitioner must submit evidentiary documents containing sufficient operative facts to support his claim before an evidentiary hearing will be granted. Id.
In support of his petition, appellant submitted the results of an independent forensic examination of an apron purportedly used as a makeshift silencer. At trial, the State presented the testimony of Mr. Larry Ingram. Mr. Ingram testified appellant told him he shot Ms. Peters in the head through some kind of cloth. Apparently, this was to keep "blood and particles" from "splattering around." The state also presented a criminologist who testified an apron found at the scene had holes consistent with Mr. Ingram's statement, although the results were inconclusive. Appellant's trial counsel made a tactical decision not to rebut this testimony with a defense expert.
Appellant now claims this tactical decision amounts to ineffective assistance of counsel. He states the independent forensic examination he later obtained rebuts the state's evidence the apron was used in the shooting. Appellant implies Mr. Ingram's testimony was of no value without the apron as physical evidence. He further argues had his trial counsel properly analyzed the importance of this information, the outcome of the trial would have been different.
To determine whether the trial court erred by concluding that petitioner was not entitled to substantive relief, it is necessary to examine the elements of ineffective assistance claims. The test is first whether the attorney's failure to secure and introduce the evidence now offered fell below the objective standard of reasonableness and second, whether the deficient performance was prejudicial to appellant.Strickland v. Washington (1984), 466 U.S. 668, 687; State v.Bradley (1989), 42 Ohio St.3d 136. To establish prejudice, appellant may not necessarily rely upon a showing that, in the absence of the attorney's deficient performance, the outcome of the guilt or penalty phase would have been different. Lockhartv. Fretwell (1993), 506 U.S. 364, 372. Appellant must establish that he was denied some substantive or procedural right that made the "trial unreliable or the proceeding fundamentally unfair." Id. "A post conviction petition does not show ineffective assistance merely because it presents a new expert opinion that is different from the theory used at trial." Statev. Combs (1994), 100 Ohio App.3d 90, 103, citing State v.Jamison (Sept. 19, 1990), Hamilton App. No. C-910736, unreported.
The trial court found appellant failed to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness. The trial court reasoned:
 In the case at bar, there is nothing presented by Petitioner which overcomes the presumption that defense counsel's decision not to call a forensic/ballistics expert was within the range of reasonable and professional conduct. The trial testimony of [the state's expert] is just over thirty pages of a trial transcript which totals over nine-hundred and fifty. After reviewing the testimony, the Court is unconvinced failing to call an expert witness to rebut the testimony of [the state's expert] was an error. Indeed, Petitioner indicates defense counsel at trial once considered calling a criminologist, but evidently made the tactical decision not to call such a witness because the essence of the case hinged on the testimony of two character witnesses: an ex-girlfriend of the Petitioner, and the nephew of Petitioner's co-defendant. Further, the testimony of [the state's witness] was of minimal value for either the Respondent or the Petitioner because, according to [the state's expert], the tests done on the apron in question were all inconclusive as they related to facts of the crime. Thus, even if defense counsel called a rebuttal expert, it is unlikely it would have altered the outcome of the trial.
 Additionally, the documents attached to the Petition fail to support Petitioner's claim for ineffective assistance of counsel. Although one set of documents suggest a different interpretation of what residue would be detectable on a cloth if a bullet were fired in tight contact with the cloth, the evidence is inconclusive, and fails to rise to a level of constitutional deprivation. Moreover, even assuming the documentary evidence dispositively established Petitioner's argument concerning the amount of residue which should have been discovered on the apron, such a finding nevertheless fails to suggest the trial result would have been different.
(Emphasis added).
We agree. Even if appellant's independent forensic examination proved the apron was not used in the murder, appellant has made no showing that the outcome of the trial would have been different. The expert report, even if believed, does not take the gun out of appellant's hand. At best, it indicates appellant shot Ms. Peters without holding the apron between the gun and her head.
Because appellant failed to show his ineffective assistance of counsel claim created a substantive ground for relief, he was not entitled to a hearing.
Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant contends the trial court erred by citing the doctrine of res judicata. In support of his contention, appellant states that the issues raised to the trial court in his petition for post conviction relief were de hors the record and therefore not appealable as a matter of law.
The trial court used the doctrine of res judicata as an independent basis of analysis in dismissing appellant's petition. Though we agree with appellant his present claim of ineffective assistance of counsel is not barred by resjudicata, our disposition of the first assignment of error renders such error harmless under the two issue rule.
Appellant's second assignment of error is overruled.
The judgment of the Licking County Court of Common Pleas is affirmed.
By: Hoffman, J., Wise, P.J. and Farmer, J. concur.
---------------------
---------------------
 --------------------- JUDGES
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant.
---------------------
---------------------
 --------------------- JUDGES