OPINION
Appellant-defendant Anthony Settles brings this appeal from the judgment of the Court of Common Pleas of Seneca County finding him guilty of attempted murder, abduction, and domestic violence.
Settles and his former girlfriend, Tonya Jones, are the parents of a child. On August 1, 1998, they met at a bar in Fostoria and later went to Settles' home where they began to argue. Settles then allegedly attempted to strangle Jones and would not permit her to leave the home. On August 7, 1998, Settles was indicted on one count of abduction, one count of domestic violence, and one count of attempted murder. A jury trial was held from September 29, 1998 to October 2, 1998. Settles was convicted of all three counts. On October 6, 1998, Settles was sentenced to prison.
Settles raises the following assignments of error through his attorney.
 Settles was deprived of his right to a fair trial as guaranteed by the Ohio and United States Constitutions when other acts evidence and bad character evidence was introduced in contravention of Evid.R. 403 and 404 and R.C. 2945.59, thereby violating Settles' right to a fair trial.
 Settles was deprived of his right to the effective assistance of trial counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Section 10 of the Ohio Constitution, by trial counsel's numerous serious errors occurring throughout the course of the case.
In a supplemental pro se brief, Settles raises these additional assignments of error.
 Court appointed trial counsel failed to move for dismissal based upon fatal indictment and failed to move for judgment of acquittal at conclusion of the State's case or at the conclusion of the trial, thereby preserving said issues on appeal, Settles' was denied his Fifth Amendment guarantee of due process and Sixth Amendment right to effective counsel.
 Settles was prejudiced by counsel's failure to advance and develop evidence of voluntary intoxication, which thereby precluded him from forming the necessary purpose to commit murder or abduction, failure to instruct jury that intoxication could negate element of knowledge, thereby requiring not guilty verdict and to adequately present voluntary intoxication defense was ineffective assistance of counsel, in violation of Sixth Amendment and Fifth Amendment due process guarantee to fair trial.
 Settles was denied his Fifth Amendment right to a fair trial and Sixth Amendment right to effective assistance of counsel as guaranteed by the United States and Ohio Constitutions, where counsel failed to properly raise and preserve on appeal requisite test for a prima facie violation of jury fair cross-section requirement, based on systematic exclusion of african-americans and where trial counsel failed to object to malicious and selective prosecution based upon discrimination of Settles because of his race.
 The trial court committed plain error for failure to order judgment of acquittal and in denying Settles a Crim.R. 29 Motion for Acquittal, where the evidence was insufficient to sustain a conviction of attempted murder or abduction thereby violating Settles' Fourteenth Amendment right to due process as guaranteed by the United States Constitution and Sec. 16, Art. I of the Ohio Constitution.
 Failure of trial counsel for Settles to move for severance of counts of attempted murder, abduction, and domestic violence and failure to properly instruct on lesser included offense of each respective count charged in three-count indictment, amounted to Sixth Amendment violation of effective assistance of counsel where Settles was substantially prejudiced by joinder of offenses thereby depriving him of his due process guarantee to a fair trial and where absence of proper instructions caused jury to lose their way.
 Settles was denied due process guarantee of fair trial in violation of Fourteenth Amendment to the United States Constitution, where Seneca County prosecutor committed malicious and selective prosecution in discriminating against Settles by having singled Settles out on charges of attempted murder and abduction, where evidence was insufficient as matter of law to warrant indictment, charge to grand jury, nor submission of case to trial. Where court appointed counsel for Settles failed to advance defense of selective prosecution, Settles was denied effective assistance of counsel as guaranteed by the Sixth Amendment.
The first assignment of error claims that the trial court erred in admitting the evidence of prior bad acts. The admission of evidence is left to the discretion of the trial court and will be reviewed on an abuse of discretion basis. State v. Awkal (1996), 76 Ohio St.3d 324, 667 N.E.2d 960. The Rules of Evidence provide:
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
Evid.R. 404(B). Because Evid.R. 404(B) is an exception to the rule against admitting other acts testimony, it must be construed against admissibility. State v. Broom (1988), 40 Ohio St.3d 277,533 N.E.2d 682.
In this case, the trial court admitted the following evidence over objection of trial counsel: 1) Evidence that Settles was dealing drugs; 2) Evidence that Settles was not paying child support; 3) Evidence that Settles had been the subject of other police investigations for theft and assault; 4) Evidence that Settles had been charged with a prior domestic violence offense although no conviction resulted from the charge; 5) admissions of testimony concerning Settles' prior convictions for attempted gross sexual imposition and riot; and 6) Evidence that Jones had obtained an ex parte civil protection order against Settles as a result of the actions for which he was on trial. Additionally, the record reveals that the State not only proved Settles had a prior domestic violence conviction, but spent a great deal of time and used numerous witnesses to discuss the details of those convictions. Although the prior domestic violence charge was relevant and necessary to establish the domestic violence charge in this case, the State engaged in lengthy proof of the prior charge even though a certified copy of the conviction was entered. Since the two incidents were not similar in the method, there is no exception for admitting this testimony.
The State argues that the evidence of Settles' alleged drug sales is relevant because it shows Jones had a reason to fear Settles. However, this argument is not persuasive. The fact that Jones had reason to fear Settles can be found from Settles' attempts to strangle Jones and his holding her out the window. Any drug sales do not show Jones was afraid of Settles. She testified that she was not involved in the drug business. She also testified that what scared her about his dealing was the actions of third parties, not those of Settles. Thus, the evidence of alleged drug sales is irrelevant and highly prejudicial to Settles.
The State claims that the question of child support was relevant to buttress the truthfulness of the witnesses. By testifying against Settles, Oates and Jones were helping to send him to jail. If Settles is in jail, he is not earning money to pay child support. Thus, the State claims that the testimony that Settles is not paying child support is relevant. However, the testimony occurred before the witnesses' motives for testifying were challenged. Further, if Settles was not paying child support before trial, the witnesses have lost nothing by testifying. The fact that Settles is not paying child support has no relevance to the question of whether Settles committed the offenses for which he was charged. The only purpose this testimony serves is to show that Settles is a bad person who does not support his children.
The State also entered evidence that Settles was the subject of other investigations for theft, assault, and domestic violence and had been convicted of gross sexual imposition and riot, both misdemeanors. However, no convictions resulted from these investigations. These investigations had no connection to the offenses for which Settles was charged. The convictions for the gross sexual imposition and riot also had no relation to this case. Thus, this evidence was irrelevant and served the sole purpose of showing the character of the accused, which is prohibited by Evid.R. 404(B).
The State also admitted evidence that Jones had obtained an ex parte civil protection order against Settles based upon the charges in this case. This court order was the result of a civil action occurring without any appearance by Settles or his attorney. This is not a conviction, but is merely a repetition of the allegations leading to the charges before the court. The fact that a protection order is granted does not make Settles guilt any more or less likely, however it does imply that another court has already found Settles guilty. Thus, the effect of the admittance of the order is irrelevant and the effect is overly prejudicial.
Finally, the State used numerous witnesses to show that Settles had been convicted of a prior domestic violence charge. The State presented a certified copy of the conviction, had the victim testify, had the investigating officers testify, and had other witnesses to the event testify. Although evidence of the fact of the prior conviction is permitted, the State spent the majority of its case proving the prior domestic violence charge rather than the one for which Settles was being tried. Basically, the State retried the prior case. The sole purpose of this can only have been to show that Settles was a violent person who had injured his last girlfriend, inviting the inference that he also must have committed the offense charged here as well. This testimony was cumulative and was overly prejudicial.
In this case, Jones and Settles were the only two persons present at the time the crime occurred. Thus, the case hinged upon a question of credibility to be decided by the jury. Based upon the numerous instances of irrelevant prior bad acts, we cannot conclude that the errors were harmless. Thus, the first assignment of error is sustained.
The second, third, fourth, fifth, and seventh assignments of error claim that Settles was denied effective assistance of counsel.
 When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness.
 On the issue of counsel's effectiveness, the appellant has the burden of proof, since in Ohio a properly licensed attorney is presumably competent. * * * [T]he initial burden [is placed] upon the appellant since, * * * [t]o impose automatically the initial burden of proof on the state * * * would penalize the prosecution for acts over which it can have no control.
State v. Jackson (1980), 64 Ohio St.2d 107, 110-11,413 N.E.2d 819, 822.
Here, Settles claims he was prejudiced by his attorney's failure to object to certain other acts testimony and the attorney's failure to request a jury instruction on voluntary intoxication. However, these alleged errors reasonably may have been part of the defense strategy in light of the issues and the evidence. The record does not show that counsel's actions or failure to take action deprived Settles of a substantive right. Further, the record does not show that if defense counsel had or had not done these things, that the outcome would have been different. Absent this showing, there can be no finding of prejudice to Settles. Thus, these assignments of error are overruled.
In the sixth assignment of error, Settles claims that the trial court erred in denying his motion for acquittal. When reviewing a Crim.R. 29 Motion for Acquittal, the appellate court must view the evidence in a light most favorable to the prosecution. State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492. The "court shall not order an entry of judgment of acquittal . . . if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of the crime has been proved beyond a reasonable doubt." State v. Martin (1985), 19 Ohio St.3d 122,130, 483 N.E.2d 1157, 1165. Since the testimony of Jones supported every element of the offense and the State has the benefit of all inferences on a Crim.R. 29 motion, the trial court did not err by denying the motion. Reasonable minds could reach different conclusions as to whether every element of the State's case was proven beyond a reasonable doubt. Thus, the sixth assignment of error is overruled.
The eighth assignment of error claims that the prosecution engaged in selective prosecution.
 To support a defense of selective or discriminatory prosecution, a defendant bears the heavy burden of establishing, at least prima facie, (1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, i.e. based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights.
State v. Flynt (1980), 63 Ohio St.2d 132, 134, 407 N.E.2d 15, 17.
 The burden on a defendant to demonstrate selective prosecution is a heavy one. * * * A mere showing that another person similarly situated was not prosecuted is not enough; a defendant must demonstrate actual discrimination due to invidious motives or bad faith. Intentional or purposeful discrimination will not be presumed from a showing of differing treatment.
State v. Freeman (1985), 20 Ohio St.3d 55, 58, 485 N.E.2d 1043,1046.
 In this case, Settles claims that he was discriminated against because of his race. However, there is no evidence on the record of this. The testimony of Jones is sufficient to establish the elements of the offenses charged. Without any evidence to the contrary or of a discriminatory purpose, the defense of selective prosecution fails. The eighth assignment of error is overruled.
The judgment of the Court of Common Pleas of Seneca County is reversed and remanded for proceedings in compliance with this opinion.
Judgment reversed and cause remanded.
SHAW and WALTERS, JJ., concur.