In 1991, a jury found petitioner Gentry Tillman guilty of murder. We affirmed the conviction in State v. Tillman (Feb. 18, 1993), Cuyahoga App. No. 61739, unreported. Petitioner filed a petition for postconviction relief, claiming that trial counsel performed ineffectively by failing to advise him of a plea bargain offered by the state and the full effects of a guilty verdict on the murder charge. The trial court found the claim barred by principles of res judicata since the claim could have been raised on direct appeal. The trial court also found the allegations of ineffective assistance of counsel had not been demonstrated on the record. Finding no substantial grounds for relief, the trial court denied the petition. The sole assignment of error complains the trial court should not have dismissed the petition without first conducting a hearing.
R.C. 2953.21 provides in part:
 (C) * * * Before granting a hearing on a petition [for postconviction relief], the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript.
* * *
 (E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending.
In his petition for postconviction relief, petitioner claimed that during a final pretrial of his criminal case, "the court outlined the possible penalties Petitioner could face if convicted and the advantages of a plea bargain." He maintains the court called a fifteen-minute recess to permit him and trial counsel to discuss the possibility of a plea bargain. There is no direct evidence to support this version of facts, only a one page excerpt from the trial transcript that shows the court granted a fifteen-minute recess so trial counsel and petitioner could consult as to whether petitioner wished "to proceed." The brief excerpt does not indicate why the court wanted counsel and petitioner to consult.
The only evidence submitted in support of the petition was an affidavit filed by petitioner's wife who claimed she was present at the plea negotiations and that "to the best of my knowledge" there was "no true conversation between Gentry Tillman and trial counsel." The wife stated that she did not hear counsel "explain or break down or make clear" what petitioner's chances at trial were, nor did she believe that petitioner understood his chances of being convicted at trial.
We have our doubts about the credibility of wife's affidavit, see State v. Calhoun (1999), 86 Ohio St.3d 279, paragraph one of the syllabus, but we need not concern ourselves with these doubts. As the Supreme Court of Ohio stated in State v. Jackson
(1980), 64 Ohio St.2d 107, 111:
 Broad assertions without a further demonstration of prejudice do not warrant a hearing for all postconviction petitions. General conclusory allegations to the effect that a defendant has been denied effective assistance of counsel are inadequate as a matter of law to impose an evidentiary hearing.
Even were we to accept wife's affidavit as true, it does nothing more than show her state of mind at the time — and her state of mind is irrelevant. We need to know what petitioner thought at the time. Petitioner offers no evidence to show what he thought about the alleged plea bargain. The evidence we do have suggests petitioner had been fully informed of the plea bargain because the petition claims "the court outlined the possible penalties Petitioner could face if convicted and the advantages of a plea bargain." So we must, in fact, presume that the court, not counsel, fully advised petitioner. Petitioner obviously had that which he now seeks, and there is nothing in the record to show just how counsel's further input would have changed the circumstances. See State v. Hoskins (Jan. 30, 1998), Clark App. No. 97 CA 39, unreported. Given this record, we find the court did not err by refusing to conduct a hearing on the petitioner for postconviction relief since the petition failed to assert any colorable grounds for relief. The assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, P.J., PATRICIA A. BLACKMON, J.,CONCUR.
 __________________________________ JOHN T. PATTON JUDGE