OPINION
Defendant-appellant Ernest Dean Hamm appeals the September 8, 1999 Judgment Entry entered by the Richland County Court of Common Pleas, overruling appellant's petition for post-conviction relief without conducting an evidentiary hearing. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
In January, 1996, the Richland County Grand Jury indicted appellant on one count of voluntary manslaughter, in violation of R.C. 2903.03. The matter proceeded to trial on June 3, 1996. After hearing all the evidence and deliberations, the jury found appellant guilty. The trial court sentenced appellant to an indeterminate term of imprisonment of eight to twenty-five years. Via Memorandum of Opinion and Judgment Entry filed August 13, 1997, this Court affirmed the conviction and sentence. Although appellant appealed this Court's decision to the Ohio Supreme Court, it declined to hear the matter. On July 23, 1998, appellant filed a Petition to Vacate or Set Aside Sentence in the trial court, alleging ineffective assistance of appellate counsel as his sole basis for relief. The State filed a motion to dismiss on August 7, 1998. Subsequently, appellant filed a motion to amend his petition which included two additional grounds of relief, newly discovered evidence and ineffective assistance of trial counsel. Via Judgment Entry filed September 11, 1998, the trial court denied appellant's petition to vacate, finding it did not have the authority to review the proceedings before this Court and advised appellant to file a Murnahan appeal. The trial court's judgment entry did not address the issues appellant raised in his motion to amend. Appellant filed a timely appeal from the September 11, 1998 Judgment Entry. This Court remanded the matter "to the trial court for the purposes of determining whether appellant should be granted leave to amend his petition per R.C.2953.21(F) and redetermining whether appellant is entitled to the relief requested and whether he is entitled to a hearing." State v. Hamm (July 29, 1999), Richland App. No. 98CA89, unreported. Upon remand, the trial court overruled appellant's petition to vacate and motion to amend via Judgment Entry dated September 8, 1999. The trial court did not conduct an evidentiary hearing. It is from the September 8, 1999 Judgment Entry appellant prosecutes this appeal, raising the following assignments of error:
 I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT AN EVIDENTIARY HEARING ON PETITION FOR POSTCONVICTION RELIEF.
 II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHERE EVIDENCE THAT [SIC] STATE NEVER TURNED OVER TO DEFENDANT COPY OF UNABRIDED POLICE REPORT WHICH CONTAINED EXCULPATORY INFORMATION, THUS SUPPORTING APPELLANT'S CLAIM OF BRADY VIOLATION, WHERE THERE IS REASONABLE PROBABILITY THAT, HAD EVIDENCE BEEN DISCLOSED TO DEFENSE, RESULT OF PROCEEDING WOULD HAVE BEEN DIFFERENT, AND REASONABLE PROBABILITY IS PROBABILITY SUFFICIENT TO UNDERMINE CONFIDENCE IN OUTCOME.
 III. THE TRIAL COURT'S ABUSE OF DISCRETION WAS SO PALPABLY AND GROSSLY VOLATILE OF FACT OR LOGIC THAT IT EVIDENCES NOT EXERCISE OF WILL BUT PERVERSITY OF WILL, NOT EXERCISE OF JUDGMENT BUT DEFIANCE OF JUDGMENT, NOT EXERCISE OR REASON BUT INSTEAD PASSION OR BIAS.
 IV. DENIAL OF DUE PROCESS WAS SUFFICIENT BASIS FOR PETITION FOR POSTCONVICTION RELIEF.
 I, II, III, IV
Because all four of appellant's assignments of error take issue with the propriety of the trial court's overruling of appellant's petition for post-conviction relief without an evidentiary hearing, we shall address them together. Pursuant to R.C. 2953.21, the post-conviction relief statute, "a criminal defendant seeking to challenge his conviction through a petition for postconviction relief is not automatically entitled to a hearing." State v. Calhoun (1999), 86 Ohio St.3d 279, 282 (Citation omitted). "Before granting an evidentiary hearing on the petition, the trial court shall determine whether there are substantive grounds for relief." Id. at 282-283. The petitioner bears the initial burden to submit evidentiary documents to support his claim and to establish the resulting prejudice. State v. Jackson (1980), 64 Ohio St.2d 107,111. In support of his petition, appellant herein submitted a statement made to police by David Shawn Murray. David is the son of Paula Murray, appellant's then girlfriend, and Mark Wright, the victim. In his statement, David told police he was sleeping downstairs in the living room during the early morning hours of November 24, 1995, when he was awakened by Wright, who was trying to kick in the door of the Murray residence. David described Wright's disruptive arrival and the verbal altercation which ensued between Wright and appellant. According to David, both appellant and Wright left the residence. In the September 8, 1999 Judgment Entry, the trial court stated: The affidavit of David Shawn Murray adds absolutely nothing to the evidence which was brought out at trial. The evidence now being submitted to this Court reemphasizes the evidence that [appellant] had ample opportunity to get away from and have no further contact with his victim.
The trial court further found appellant had "submitted absolutely nothing new and [there was] no reason to disturb his conviction or to hold an evidentiary hearing." The trial court concluded because appellant had failed to convince the court there were substantive grounds for relief, the court was not required to hold an evidentiary hearing. In his Brief to this Court, appellant maintains because David's statement contains sufficient operative facts showing substantive grounds for relief, the trial court should have conducted a hearing. [I]n reviewing a petition for postconviction relief filed pursuant to R.C. 2953.21, a trial court should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge their credibility in determining whether to accept the affidavits as true statements of fact. To hold otherwise would require a hearing for every postconviction relief petition. Because the statute clearly calls for discretion in determining whether to grant a hearing, accepting all supporting affidavits as true is certainly not what the statute intended. "[I]f we would allow any open-ended allegation or conclusory statement concerning competency of counsel without a further showing of prejudice to the defendant to automatically mandate a hearing, division (D) of R.C. 2953.21 would be effectively negated and useless." State v. Calhoun, supra. at 284. (Citation omitted).
In the instant action, the trial court reviewed the evidence appellant submitted in support of his petition and concluded appellant did not demonstrate his entitlement to an evidentiary hearing. The trial court found the evidence presented by appellant actually, supported the jury's guilty verdict. Accordingly, we find the trial court did not err in overruling appellant's petition for post-conviction relief without conducting an evidentiary hearing. Appellant's first, second, third, and fourth assignments of error are overruled.
The judgment of the Richland County Court of Common Pleas is affirmed.
FARMER, J. and READER, V.J. CONCUR.