OPINION
Defendant-appellant Walter Boyd Jr. brings this appeal from the judgment of the Court of Common Pleas of Putnam County finding him guilty of burglary and sentencing him on that conviction.
On August 12, 1999, Appellant went to the house of his neighbor and attempted to enter her home through a bedroom window. The victim called the police and Appellant was arrested. On November 9, 1999, a jury found Appellant guilty of burglary. Appellant was then sentenced to seventeen months in prison.
Appellant raises the following assignments of error.
 Appellant was denied his right to the effective assistance of counsel in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Section 10, Article 1 of the Ohio.
 Misconduct by the prosecutor denied Appellant's rights as guaranteed by Section 10, Article 1 of the Ohio Constitution and the Fifth and Fourteenth Amendments to the United States Constitution.
 The trial court erred in failing to conduct a hearing on Appellant's motion for a new trial.
 Appellant's conviction of burglary is against the manifest weight of the evidence.
 The trial court erred, as a matter of law, when the trial court failed to notify Appellant during his sentencing hearing that Appellant may be subject to bad time and post-release control after completing his term of incarceration.
In the first assignment of error, Appellant claims that he was denied effective assistance of counsel.
 When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness.
 On the issue of counsel's effectiveness, the appellant has the burden of proof, since in Ohio a properly licensed attorney is presumably competent. * * * [T]he initial burden [is placed] upon the appellant since, * * * [t]o impose automatically the initial burden of proof on the state * * * would penalize the prosecution for acts over which it can have no control.
 State v. Jackson (1980), 64 Ohio St.2d 107, 110-11,413 N.E.2d 819, 822.
Here, Appellant claims that his counsel was ineffective because he failed to object to statements made by the prosecutor duringvoir dire and opening statements. Appellant further contends that counsel should have objected to various hearsay and irrelevant testimony that was admitted. Finally, Appellant claims that counsel was ineffective by failing to move for a dismissal of the charges at the end of the State's case-in-chief. However, the record does not reveal that counsel's failure to object deprived Appellant of a substantive right. Appellant's counsel cross-examined the witnesses and presented a case in favor of the defense. Further, the record does not show that if counsel had not failed to do these things, that the outcome would have been different. Absent this showing, there can be no finding of prejudice to Appellant. The first assignment of error is overruled.
The second assignment of error is that the prosecutor committedmisconduct by mentioning irrelevant evidence. Prosecutorialmisconduct is not grounds for reversal unless it so taints theproceedings that it deprives the defendant of a fair trial. Statev. Phillips (1995), 74 Ohio St.3d 72, 656 N.E.2d 643. In support of this argument, Appellant points to several of the prosecutor's statements claimed to be improper. However, Appellant did not object to these statements at trial, which means that they must be reviewed under a plain error standard.
 Pursuant to Crim.R. 52(B), plain errors or defects which affect substantial rights may be grounds for reversal even though they were not brought to the attention of the trial court. Notice of plain error, however, applies only under exceptional circumstances to prevent a manifest miscarriage of justice. . . . "Plain error does not exist unless it can be said that but for the error, the outcome of the trial could clearly have been otherwise." State v. Moreland (1990), 50 Ohio St.3d 58, 62, 552 N.E.2d 894, 899.
 Phillips at 83, 656 N.E.2d at 643. After reviewing the evidence, we cannot say that it is clear that the outcome would have changed if the prosecutor had not asked any allegedly improper questions or made any prejudicial statements. The evidence of the burglary was not the statements of the prosecutor, but the testimony of the victim. The victim stated that she saw Appellant climbing into her bedroom in the middle of the night. The second assignment of error is overruled.
In the third assignment of error, Appellant argues that the trial court should have granted him a hearing on his motion for a new trial. The motion for a new trial was based upon a letter from a juror concerning the deliberation process. The letter stated that the jury had a hard time with the deliberations because four of the jurors felt his actions were insignificant and wanted to find him not guilty. They later changed their minds and voted to find him guilty. However, the statements made in this letter would be inadmissible at any hearing on a motion for a new trial.
 Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith.
Evid.R. 606(B). Additionally, the letter on its face does not indicate any bias against Appellant. Since Appellant does not present any additional evidence in support of the motion for a new trial, the denial of the motion was not prejudicial. The third assignment of error is overruled.
The fourth assignment of error asserts that the conviction is against the manifest weight of the evidence.
 Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief."
 State v. Thompkins (1997), 78 Ohio St.3d 380, 387,678 N.E.2d 541, 546.
Here, Appellant was charged with committing burglary. Theessential elements of the offense as charged are that Appellanttrespassed by force in an occupied structure. The victimtestified that at approximately 2:15 a.m., Appellant knocked onher door for several minutes. She did not answer. When shereturned to her bedroom, Appellant was climbing in the window. Heretreated through the window when she screamed. One of theofficers testified that he found a footprint in the dew on apicnic table bench that had been moved beneath the bedroom window.Given this testimony, a reasonable person could find thatAppellant committed the required elements of the offense and findhim guilty. Thus, the jury's verdict was not against the manifestweight of the evidence and the fourth assignment of error isoverruled.
Finally, Appellant argues that the trial court erred by not complying with the sentencing requirements. Specifically, Appellant claims that the trial court failed to inform him about post-release controls and bad-time. Appellant was found guilty by a jury after a trial, not after a negotiated plea. Thus, the failure to notify Appellant of these items at the hearing did not affect a decision of Appellant. Further, these terms were part of the sentencing entry.
 Defendant is notified that as part of this sentence, the parole board may extend prison time up to 50% of the stated term in 15, 30, 60 or 90 day increments for crimes committed while in prison. After prison release, if post-release control is imposed, for violating post release control conditions, the adult parole authority or parole board could impose a more restrictive or longer control sanction, return defendant to prison for up to nine months for each violation, up to a maximum of 50% of the stated term. If the violation is a new felony defendant may receive a new prison term of the greater of one year or the time remaining on post release control.
Judgment Entry of Sentencing, 3. Thus, the trial court complied with the statutory sentencing requirements. The fifth assignment of error is overruled.
The judgment of the Court of Common Pleas of Putnam County is affirmed.
 ________________________ BRYANT, J.
 SHAW and WALTERS, JJ., concur.