THE STATE OF OHIO, APPELLANT, *v.* JACKSON, APPELLEE.

(No. 79-1603—Decided December 17, 1980.)

*Mr. John T. Corrigan* prosecuting attorney, *Mr. Dominic J. DelBalso* and *Ms. Eloise G. Cookson,* for appellant.

*Mr. Paul W. Dixon* and *Ms. Catherine L. Worley,* for appellee.

LOCHER, J. The sole issue of law presented herein is whether the trial court properly dismissed the appellee's petition for post-conviction relief on the allegation of ineffective assistance of counsel without conducting an evidentiary hearing.

The statutory framework for determining whether a hearing is necessary for post-conviction actions is set forth in R. C. 2953.21. In pertinent part, R. C. 2953.21 reads as follows:

"(A)***The petitioner may file such supporting affidavit and other documentary evidence as will support his claim for relief.

"***

"(C) *Before granting a hearing* the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition and supporting affidavits, all the files and records pertaining to the proceedings against the petitioner, including but not limited to the indictment, the court's journal entries, the journalized records of the clerk of court, and the court reporter's transcript.***If the court dismisses the petition it shall make and file findings of fact and conclusions of law with respect to such dismissal. [Emphasis added.]

"(D) Within ten days after the docketing of the petition, or within such further time as the court may fix for good cause shown, the prosecuting attorney shall respond by demurrer, answer, or motion. Within twenty days from the date the issues are made up either party may move for summary judgment***. The right to such judgment must appear on the face of the record.

"(E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues, hold the hearing, and make and file written findings of fact and conclusions of law upon entering judgment thereon."

A perusal of the above-cited provisions clearly indicates this statute does not expressly mandate a hearing for every post-conviction relief petition and, therefore, a hearing is not automatically required.

This court, in *State* v. *Lester* (1975), 41 Ohio St. 2d 51, interpreted R. C. 2953.21 and the necessity for a hearing. Paragraph two of the syllabus in that case reads as follows:

"R. C. 2953.21 requires the trial court to consider the allegations of the petition for postconviction relief and the particular facts upon which the petitioner bases his claim; if, upon such consideration, the trial court finds no grounds for a hearing, the court is required to make and file findings of fact and conclusions of law as to the reasons for dismissal and as to the grounds for relief relied upon in the petition."

Thus, the pivotal concern is whether there are substantive grounds for relief which would warrant a hearing based upon the petition, the supporting affidavit and the files and records of this cause.

To determine the substantive grounds of this petition, the trial court was presented an affidavit from the trial attorney, Loeb. In essence, Loeb's affidavit claims that he had insufficient time to provide the appellee effective counsel.

The test as to whether an individual has been denied effective counsel was initially set forth by this court in *State* v. *Hester* (1976), 45 Ohio St. 2d 71, and thereafter slightly revised in *State* v. *Lytle* (1976), 48 Ohio St. 2d 391.

In *State* v. *Hester, supra,* at page 79, this court held "the test to be whether the accused, under all the circumstances, ***had a fair trial and substantial justice was done."

In *State* v. *Lytle, supra,* this court stated, at pages 396-397:

"When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness.

"On the issue of counsel's effectiveness, the appellant has

the burden of proof, since in Ohio a properly licensed attorney is presumably competent. See *Vaughn* v. *Maxwell* (1965), 2 Ohio St. 2d 299; *State* v. *Williams* (1969), 19 Ohio App. 2d 234.

"***The weight of authority places the initial burden upon the appellant since '[u]nlike a constitutional violation actually caused by the state, such as an illegal search and seizure or a coerced confession, ineffective assistance of counsel is a result of the volitional acts of one charged with representing the defendant. To impose automatically the initial burden of proof on the state*** would penalize the prosecution for acts over which it can have no control.' *McQueen* v. *Swenson* (C.A. 8, 1974), 498 F. 2d 207, 218."

Before a hearing is granted, the petitioner bears the initial burden in a post-conviction proceeding to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and *also* that the defense was prejudiced by counsel's ineffectiveness.

Broad assertions without a further demonstration of prejudice do not warrant a hearing for all post-conviction petitions. General conclusory allegations to the effect that a defendant has been denied effective assistance of counsel are inadequate as a matter of law to impose an evidentiary hearing. See *Rivera* v. *United States* (C.A. 9, 1963), 318 F. 2d 606.

The Court of Appeals cited *State* v. *Milanovich* (1975), 42 Ohio St. 2d 46, for the case authority holding that a hearing would have been appropriate and necessary for this cause and, therefore, it was error to summarily dismiss the petition.

This court, in *State* v. *Mishelek* (1975), 42 Ohio St. 2d 140, approved the rationale in *State* v. *Milanovich, supra,* but, in footnote 2, at page 141, aptly stated that:

"However, as this court pointed out in *Milanovich,* at page 50, 'this *does not necessarily require that an evidentiary hearing be held for every petitioner who relies upon matters outside the record,* since evidence of such matters may be introduced by motion for summary judgment by either the petitioner or the prosecuting attorney.' " (Emphasis added.)

In the instant cause, the petitioner is requesting a hearing on matters *dehors* the record, of which he has specific knowledge. It is only reasonable to require him to set forth, in his petition and accompanying affidavits and supporting

materials, sufficient operative facts to satisfy his initial burden of proof as described in *State* v. *Lytle, supra.*

Post-conviction relief is a remedy sought by a defendant who has been tried to a jury and found guilty beyond a reasonable doubt on each element of the offense charged and who has already gone through the crucible of appeal from that judgment.

Therefore, in the interest of judicial economy and efficiency, it is not unreasonable to require the defendant to show prejudicial factors in his petition for post-conviction relief before a hearing is scheduled.

Furthermore, if we would allow any open-ended allegation or conclusory statement concerning competency of counsel without a further showing of prejudice to the defendant to automatically mandate a hearing, division (D) of R. C. 2953.21 would be effectively negated and useless. R. C. 2953.21(D), which states that "the prosecuting attorney shall respond by demurrer***or motion," would be useless verbiage if, in practice, every petition submitted were granted a hearing regardless of the adequacy of the claim.

In the instant cause, the petition contained a broad, open-ended assertion of ineffective counsel, which is a conclusion of law. In support of his assertions, appellee submitted an affidavit from trial counsel stating that four days between his appointment as main counsel and the trial date is an insufficient time period for the preparation of an effective defense.

Initially, it is noted that the United States Constitution does not specify a particular period of time which must intervene between the appointment of counsel and trial. *Avery* v. *Alabama* (1940), 308 U. S. 444, 446. The trial attorney's claim of ineffective counsel by affidavit is admirable, but, without a further showing of actual prejudicial factors, the appellee has not met his initial burden of proof which would require an additional hearing. A gleaning of the record and facts as described herein do not, on their own, show any actual prejudicial factors that would mandate a hearing.

In fact, the record discloses that Loeb had 16 days in which to confer with the appellee before he was to present a defense. Additionally, it is noted that the investigator, as well as Garver, the backup counsel, were associated with this cause

shortly after the appellee's indictment and, therefore, were available sources of information and assistance.

Therefore, upon the record, together with all the supporting affidavits and other documentary evidence, this court holds that the appellee has not met his initial burden of proof of demonstrating that there are substantive grounds for relief and, thus, an evidentiary hearing in the cause *sub judice* was not required.

Accordingly, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C. J., P. BROWN, SWEENEY, HOLMES and DOWD, JJ., concur.

WILLIAM B. BROWN, J., dissenting. I must dissent because the hearing judge's *sua sponte* dismissal of appellee's petition for post-judgment relief without a hearing is neither consistent with the requirements of R. C. 2953.21 nor with *State* v. *Milanovich* (1975), 42 Ohio St. 2d 46, and its progeny.

Herein, main trial counsel, by way of affidavit, informed the hearing judge that because he was appointed defense counsel only four days prior to the date trial commenced, he had "virtually no time***to do independent investigation, talk to the prosecution witness***or determine a trial strategy"; that he had "no time***to research applicable areas of the law which***might be helpful***or***to locate an automobile fitting witnesses' description***of that used by the perpetrators"; and that he had time "only***to speak to a few of the witnesses***and confer for one hour with***[his] client."

In the finding of fact and conclusions of law required by R. C. 2953.21(C), the hearing judge (who was also the original trial judge) justified his dismissal of appellee's petition without a hearing on the ground that he "ha[d] a good *recollection* of the facts and ha[d] no doubt that***[appellee] received ***[a]n extremely fair trial[;]***[w]herein he was represented by diligent, competent and talented counsel[;] ***[a]nd in which the evidence was highly credible." (Emphasis added.)

In my opinion, the hearing judge erred in relying on his recollections of what had transpired at trial for reason that the

Ohio Post-Conviction Remedy Act requires that a hearing judge dismiss a petition without a hearing only on the basis of files and records described in R. C. 2953.21(C).

Prior to 1967, there was considerable uncertainty as to which files and records a hearing judge could consider in deciding whether to dismiss a petition without a hearing. See, e.g., *State* v. *Lloyd* (1966), 8 Ohio App. 2d 155. In 1967, R. C. 2953.21(C) was amended to specify more precisely the files and records that a hearing judge could properly consider. I do not believe that either the letter or spirit of this amendment permits us to sanction the hearing judge's reliance on his recollections herein.

Additionally, the 1967 amendments added a requirement that the hearing judge make findings of fact and conclusions of law if a petition were dismissed without a hearing. (Prior to 1967, findings of fact and conclusions of law were required only if a hearing were held.) This additional requirement was apparently added to assure effective appellate review of all post-convictions proceedings, not just those in which a hearing is held. See Comment, Operation of the Ohio Post-Conviction Remedy Act, 29 Ohio St. L.J. 727, 731. The need for effective appellate review is particularly acute because the hearing judge will often be the same judge who heard the original trial. (A petition is filed in the court that imposed the sentence. R. C. 2953.21[A].) A safeguard should thus be available to preclude the prejudice that can occur if the hearing judge either consciously or inadvertently considers aspects of the original trial that cannot be verified in the files and records included in the post-conviction challenge. See Note, 37 U. Cin. L. Rev. 310, 320. The safeguard introduced by the General Assembly in 1967— that the hearing judge set forth in findings of fact and conclusions of law the reasons for his dismissal without a hearing— is undermined if appellate courts determine that a hearing judge's recollections are sufficient to justify a dismissal.

Even if the hearing judge could lawfully rely on his recollections, I would still dissent. Since appellee's facially sufficient constitutional claim depended upon factual allegations that could not be determined on the basis of the files and records included in his challenge (*i.e.,* because his claim depended upon evidence outside the record), a hearing pur-

suant to R. C. 2953.21(E), or a summary judgment proceeding pursuant to R. C. 2953.21(D), was necessary to dispose of his petition.

*State* v. *Milanovich, supra,* paragraph one of the syllabus, reads:

"Where a claim raised by a petition for post-conviction relief under R. C. 2953.21 is sufficient on its face to raise an issue that petitioner's conviction is void or voidable on constitutional grounds, and the claim is one which depends upon factual allegations that cannot be determined by examination of the files and records of the case, the petition states a substantive ground for relief [within the meaning of R. C. 2953.21(C)]."

Additionally, in *State* v. *Milanovich, supra,* at page 50, the following passage appears:

"Properly, a petition which states a substantive ground for relief [within the meaning of R. C. 2953.21(C)] and which relies upon evidence outside the record should be considered by the court, upon motion by the prosecuting attorney. This does not necessarily require that an evidentiary hearing [under R. C. 2953.21(E)] be held for every petitioner who relies upon matters outside the record, since evidence of such matters may be introduced by motion for summary judgment [under R. C. 2953.21(D)] by either the petitioner or the prosecuting attorney.***" *

Furthermore, we followed *State* v. *Milanovich, supra,* in *State* v. *Mishelek* (1975), 42 Ohio St. 2d 140, 141, fn. 2; and in *State* v. *Hester* (1976), 45 Ohio St. 2d 71, 76.

Pursuant to R. C. 2953.21(C) as interpreted in *State* v. *Milanovich, supra,* paragraph one of the syllabus, the hearing judge should have docketed (see R. C. 2953.21[D], first sentence), and not dismissed *sua sponte,* this petition. Once docketed, pursuant to R. C. 2953.21(D) as interpreted in *State*

---

* The majority relies on the portion of this passage which provides that not all petitions which state a substantive ground for relief under R. C. 2953.21(C) and which rely on evidence outside the record must necessarily be given a hearing. The majority, however, ignores the qualification included in the succeeding sentence which indicates that a hearing may not be necessary (even though a favorable R. C. 2953.21[C] determination has been made) because summary judgment might be granted. In my view, the hearing judge should have docketed the petition, see R. C. 2953.21(D), and thus permitted normal adversary procedures to transpire.

116

v. *Milanovich, supra,* at page 50, this petition could be dismissed without a hearing only if the prosecutor filed (and was granted) a motion for summary judgment. See, *id.,* paragraph two of the syllabus, and pages 50-52. In my opinion, therefore, the majority's failure to overrule the hearing judge's *sua sponte* dismissal of this petition without a hearing on the facts present is inconsistent with *State* v. *Milanovich.*

For the foregoing reasons, I must respectfully dissent.