OPINION
This appeal is taken by defendant-appellant Lashone Ward ("Ward") from a judgment of the Court of Common Pleas of Allen County.
On May 9, 1997, two armed men robbed Snavely Motor Sales. Two diamond rings as well as other items were stolen from Irene Snavely. The robbers forced Ty Snavely, the owner, and Jay Sprague, the shop mechanic, into the trunk of a car and Irene was bound and locked in a storage locker. On May 15, 1997, one of Irene's rings was sold to Jim Raines, the owner of a local jewelry store. Raines contacted the police and Ward was identified as the seller.
On May 22, 1997, I. Snavely picked Ward out of a photo lineup as one of the men who robbed her. T. Snavely identified Ward as one of the robbers on May 23, 1997. Sprague was unable to identify Ward since he never really looked at the robbers. On May 26, 1997, Ward was questioned by the police. At that time, Ward informed the police that on the day of the robbery, he had taken his girlfriend, Tracy Shurelds, to work and then had spent the rest of the day sleeping and washing the car until he picked up Shurelds from work. Ward claimed that he had purchased one ring and a gun on the street. Also on May 26, 1997, the police spoke with Shurelds who was wearing the second stolen ring. Shurelds stated that Ward had given her the ring. Shurelds consented to a search of the house and the police located a black jacket, later identified by the Snavelys as the one worn by one of the robbers.
On May 27, 1997, Ward again spoke with the police. At this meeting, Ward told the police that he had spent the day of the robbery at Carmen Totty's home. Ward now claimed that he had purchased both rings instead of just the one. Ward was charged on May 27, 1997, with armed robbery and held in lieu of bail. On July 17, 1997, Ward was indicted on three counts of aggravated robbery, violating R.C. 2911.01(A)(1), and on three counts of abduction, violating R. C. 2905.02(A)(2). In addition, each count of the indictment included a firearm specification pursuant to R.C.2941.145(A). Ward pled not guilty to all charges on July 24, 1997. From August 25 to August 27, 1997, a jury trial was held. The jury returned a verdict of guilty on all counts, including the firearm specifications. Ward was sentenced to a total of 40 years in prison for all charges.
Ward asserts the following assignments of error.
 Ward was, contrary to the guarantees provided by the Sixth and Fourteenth Amendments of the United States Constitution and Section 10, Article 1 of the Ohio constitution, denied effective assistance of counsel during the trial which resulted in his conviction.
 The trial court erred and substantially prejudiced Ward when against the manifest weight of the evidence, it found Ward guilty, beyond a reasonable doubt, of the counts contained in the indictment.
 The trial court erred and deprived Ward of his due process and equal protection rights when the court overruled Ward's motion for acquittal pursuant to Crim. R. 29.
 The trial court erred and deprived the appellant of his constitutionally guaranteed right to a fair trial when, in front of the jury the trial judge made prejudicial comments concerning Ward's case.
 The trial court erred and deprived Ward of his due process and equal protection rights when the court overruled Ward's motion to dismiss because of the court's failure to try the case within 270 days of Ward's arrest.
Since Ward's fifth assignment of error deals with the timeliness of Ward's trial date, we will address it first. Ward claims that he was not brought to trial in a timely manner. R.C.2945.71 governs the time within which a trial must be held.
 (C) A person against whom a charge of felony is pending:
* * *
 (2) Shall be brought to trial within two hundred seventy days after his arrest.
* * *
 (E) For purposes of computing time under divisions (A),(B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days.
Since Ward was held in jail in lieu of bail, the State had 90 days to start his trial.
 In computing any period of time prescribed * * * by any applicable statute, the date of the act or event from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday.
Crim.R. 45(A).
Here, Ward was arrested on May 27, 1997. The statute requires the State to begin the trial by August 25, 1997. Since this is the day Ward's trial began, the trial was timely. Additionally, even if we agreed with Ward's argument that the time expired on August 23, 1997, that day was a Saturday. Crim.R. 45(A) provides that the time requirement would be tolled until Monday, August 25, 1997. Therefore, the trial would still be timely. Ward's fifth assignment of error is overruled.
In his first assignment of error, Ward claims that he was denied effective assistance of counsel.
 When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness.
 On the issue of counsel's effectiveness, the appellant has the burden of proof, since in Ohio a properly licensed attorney is presumably competent. * * * [T]he initial burden [is placed] upon appellant since, * * * [t]o impose automatically the initial burden of proof on the state * * * would penalize the prosecution for acts over which it can have no control.
State v. Jackson (1980), 64 Ohio St.2d 107, 110-11, 18 O.O.3d 348,413 N.E.2d 819, 822.
Here, Ward claims his attorney was ineffective for the following reasons: 1) he failed to move for suppression of the evidence found at Shurelds' home; 2) he failed to fully advise Ward of the consequences of continuing when opportunity for a mistrial occurred; and 3) he failed to object when the trial court commented on Ward's case in front of the jury.
The first example concerns the failure of the attorney to move to suppress the second ring and the jacket. These items were found in Shurelds' home. The police were there after receiving a phone call from Shurelds and hearing Ward and Shurelds arguing. While speaking with Shurelds, the police noticed the second ring on her hand. When the police informed Shurelds that the ring was stolen, she gave it to them and gave them permission to search her home. Ward was not a resident of the home at the time. The police located the black jacket during the search. Since the police were at the home for a legitimate reason and had the permission of the occupant of the home to search the home, no basis for suppression of the evidence is found in the record. Thus Ward's attorney was not ineffective by failing to move to suppress the evidence.
Ward's second example of his attorney's ineffectiveness is that the attorney failed to fully advise Ward concerning the possibility of a mistrial. This example is not ineffective assistance because the attorney on the record and in Ward's presence informed the court that he had explained the effect of a mistrial to Ward and Ward wanted to continue with the trial. Additionally, the attorney requested that the court explain the possible consequences of a mistrial to Ward, which was done. Ward was fully aware of the consequences of having a mistrial. Further, the trial court denied the motion for a mistrial on the ground that the potential juror's statement was not sufficiently prejudicial to warrant a mistrial.
Finally, Ward claims that his attorney should have objected to comments made by the trial judge. The failure to object to the comments made by the trial judge may reasonably have been part of the defense strategy. Taken in context, an objection to the statements of the trial judge may have appeared to the jury as an argument between the defense counsel and the trial judge. In addition, by not objecting, the defense counsel did not attach any extra weight to the statement. The context of the statements along with the instruction to the jury telling them to disregard any comments made by the court that may appear to indicate the trial judge's opinion of the evidence prevents a finding that the trial judge's statements deprived Ward of a substantive right.
"To warrant reversal, `the [appellant] must show that there is a reasonable probability that, but for counsels' unprofessional errors, the result of the proceeding would have been different.'"State v. Bradley (1989), 42 Ohio St.3d 136, 142, 538 N.E.2d 373,380. Ward has failed to show that if his attorney had not made the alleged errors, the outcome of the trial would have been different. Absent this showing, there can be no finding of prejudice to Ward and his first assignment of error is overruled.
In Ward's second assignment of error, he asserts that the verdict was against the manifest weight of the evidence. When reviewing a criminal conviction, the court's examination of the record is limited to determining if evidence was presented, which, if believed, could satisfy the average person of the defendant's guilt beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492. "In conducting this evaluation, we must view the evidence in the light most favorable to the prosecution and ask whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at 274.
Here, I. Snavely testified that Ward was the man who entered the office, put a gun to her son's head and made her give him her rings. She also testified that he put T. Snavely and Sprague in the trunk of a car and locked them in. Then Ward tied her hands behind her back and locked her in a storage closet. T. Snavely gave similar testimony. The jeweler testified that Ward was the one who sold him the stolen ring. Shurelds testified that Ward owned the jacket identical to the one worn by the robber and that he gave her the second stolen ring the night after the robbery. Although some of the testimony conflicted and the defense witnesses testified as to an alleged alibi, the jury had the task of determining who and what to believe. The evidence in this case is such that a reasonable trier of fact could have believed beyond a reasonable doubt that Ward committed every element of the crimes charged. Thus, the jury's verdict was not against the manifest weight of the evidence and the second assignment of error is overruled.
The third assignment of error claims that the trial court erred in failing to grant Ward's motion to acquit. When reviewing a Crim.R. 29 Motion for Acquittal, the appellate court must view the evidence in a light most favorable to the prosecution. Jenks, supra. The "court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of the crime has been proved beyond a reasonable doubt." State v. Martin
(1985), 19 Ohio St.3d 122, 130, 483 N.E.2d 1157, 1165. Since the State presented eyewitness testimony and has the benefit of all inferences on a Crim.R. 29 motion, the trial court did not err by denying the motion. Reasonable minds could reach different conclusions as to whether every element of the State's case was proven beyond a reasonable doubt. Therefore, the third assignment of error is overruled.
Ward's fourth assignment of error is related to the first assignment of error in that it asserts that the trial judge's comments during the trial were prejudicial. In determining whether a trial judge's remarks are so prejudicial as to require a mistrial, we must consider the circumstances under which they were made. State v. Scott (1986), 26 Ohio St.3d 92, 497 N.E.2d 055. Here, the trial judge's comments, when read in context, did not imply that the trial judge believed Ward to be guilty. In addition, the trial court gave the following instructions to the jury:
 The Court and the jury have separate functions. You decide the disputed facts and the Court provides the instructions of law. It is your duty to accept these instructions and to apply the law as it is given to you. You are not permitted to change the law, nor to apply your own concept of what you think the law ought to be.
 If during the course of this trial the Court has said or done anything that you consider to be an indication of my view on the facts, you are instructed to disregard that.
The warning to disregard any acts or comments by the trial court indicating an opinion was reiterated towards the end of the jury charge. When reviewed in context and along with the instructions given to the jury, the comments made by the trial judge did not prejudice the fairness of Ward's trial. Therefore, Ward's fourth assignment of error is overruled.
The judgment of the Court of Common Pleas of Allen County is affirmed.
Judgment affirmed.
HADLEY and EVANS, JJ., concur.