JOURNAL ENTRY AND OPINION
This is an appeal from an order of Judge Eileen A. Gallagher that denied appellant Charles Jackson's petition for post-conviction relief. Jackson claims that he submitted enough evidence on his claim of mistaken identity to entitle him to a hearing on whether his trial lawyer failed to call a material witness in his favor. We disagree and affirm.
On December 16, 1991, a jury convicted Jackson of the aggravated murder of Joe Travis and the attempted murder of Ronald Lacey, during an incident at their Othello Avenue apartment building on April 7, 1991. At trial, Jackson claimed that the State's witnesses, Lacey and Omelia Tucker, had mistaken him for another man, James Morris, who was related to men Lacey and Tucker identified as being with Jackson during the offense. Jackson claimed that he bore a striking resemblance to Morris and, even though both witnesses testified that they had known him for several months before the shootings, that misidentification was quite likely. He stressed at trial that Lacey identified a photo of Morris as Jackson and that Tucker, who testified that after the shootings, the man she saw with a gun, getting into a parked car on the street below her window was Jackson, had been hampered by the nighttime lighting conditions.
Jackson was convicted and sentenced to consecutive terms of twenty years to life on the aggravated murder, seven to twenty-five years on the attempted murder, and three years for the firearm specification. His convictions were affirmed on direct appeal, as this court found that the verdict was not against the manifest weight of the evidence, particularly finding that the identification testimony was credible enough to support the verdict. State v. Jackson (July 29, 1993), Cuyahoga App. No. 63167, unreported.
Jackson pro se filed a petition for post-conviction relief on September 23, 1996, avoiding the effective date of an amendment to R.C. 2953.21
which imposed a limitations period for filing such petitions.[1] In it he claimed that he was denied effective assistance of counsel when his lawyers failed to call Vincent Lane as a defense witness. Lane, whom Jackson claimed he met while in custody at the Cuyahoga County jail, claimed to have been present at the murder of Joe Travis. He alleged that he told his lawyers about Lane but, because they concentrated their efforts on trying to convince him to accept a plea agreement, they never interviewed him.
Lane's attached affidavit averred he was present at Travis' shooting, that Jackson was not the murderer and that he knew the identity of the murderer but did not state his name. Lane also asserted that he expressed his willingness to testify for Jackson and received a subpoena but was not transported to the courthouse to testify until December 20, 1991, four days after Jackson was found guilty.
The judge dismissed Jackson's petition without a hearing on January 14, 1997, but did not submit findings of fact and conclusions of law as mandated by R.C. 2953.21(C). Jackson requested information from the court concerning the status of his petition on September 4, 1998, and upon learning of the dismissal, requested findings of fact and conclusions of law on November 2, 1998. In her December 18, 1998, findings and conclusions the judge concluded that Jackson had not submitted sufficient evidentiary documents to demonstrate that the failure to present Lane as a witness was either below professional standards or prejudicial:
 Petitioner's claims of ineffective assistance of counsel are unsupported by the evidentiary documents and do not rise to the level of a colorable claim. Furthermore, petitioner has not demonstrated in which manner he was prejudiced by these unsupported statements. The record indicates that trial counsel put on a defense of mistaken identity, was aware of the information petitioner now submits, and made a tactical decision to go to trial without this information.
Jackson's two assignments of error state:
 I. THE TRIAL COURT'S FAILURE TO GRANT POST CONVICTION RELIEF VIOLATED APPELLANT'S RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I SECTIONS 9 AND 10 OF THE OHIO CONSTITUTION.
 II. THE TRIAL COURT PREJUDICIALLY ERRED BY DISMISSING APPELLANT'S PETITION FOR POST CONVICTION RELIEF WITHOUT FIRST CONDUCTING AN EVIDENTIARY HEARING TO DETERMINE THE TRUTH OF HIS ALLEGATIONS OF INEFFECTIVE ASSISTANCE OF COUNSEL, AND THE REASONABLENESS OF COUNSEL'S TRIAL TACTICS.
Jackson essentially claims that the judge utilized the wrong standard in determining that his post-conviction relief petition did not merit an evidentiary hearing. Because both assignments of error claim that it was error to dismiss the petition without a hearing, we will address them together.
The judge correctly ruled that Jackson has the burden of providing sufficient evidence, not only to show his entitlement to post-conviction relief, but to show his entitlement to an evidentiary hearing. Obviously a petitioner is not required to satisfy the standard for relief at the petition stage because all decisions on post-conviction relief would then be decided on the petition alone and there never would be a reason to hold an evidentiary hearing. Nevertheless, even though the standard for obtaining an evidentiary hearing is less than that to obtain relief, the petition itself must show a sufficient basis for believing that there are substantive grounds for relief, and, thus, that an evidentiary hearing will be of some use. State v. Calhoun (1999), 86 Ohio St.3d 279, 282-83,714 N.E.2d 905, 910; State v. Jackson (1980), 64 Ohio St.2d 107, 110,413 N.E.2d 819, 822.
In determining whether a petition is sufficient to warrant a hearing, a judge is entitled to consider factors affecting the credibility of the petitioner's affidavits. Calhoun, 86 Ohio St.3d at 284-85,714 N.E.2d at 911-12. Here the judge concluded that Jackson's trial lawyers were aware of Lane's existence and expected testimony, and made an informed strategic decision not to offer it at trial. The record does show that a witness subpoena was issued for Lane, and suggests that Judge Character issued an order to transport him from Lorain Correctional Institution to Cuyahoga County to appear as a witness at Jackson's trial. The journal entry recording the order bears a date of December 11, 1991, and purports to order Lane's presence in Cuyahoga County two days later on December 13, 1991, but this journal entry is file-stamped November 9, 1995, almost four years later. Moreover, the sheriff's return of service on Lane's subpoena indicates that he was not served with it until December 16, 1991, the day the jury returned its verdict.
There was no factual finding about whether Lane was transported to Cuyahoga County in time to testify at Jackson's trial and the judge's findings of fact consisted of little more than a procedural history of Jackson's case — he was indicted, tried, convicted, affirmed on appeal, and filed the instant petition. From these facts flows the conclusion that Jackson's trial attorneys were aware of the information petitioner now submits, and made a tactical decision to go to trial without this information. On the record before this court (which, incidentally, does not include the transcript of Jackson's criminal trial, although it clearly indicates that one was ordered and made a part of the trial record for purposes of Jackson's direct appeal) we cannot conclude, without a hearing, that Jackson's lawyers made a conscious, tactical decision to exclude Lane's testimony.
In order to prove ineffective assistance of counsel, a petitioner is required to show not only that his lawyer acted unprofessionally, but that he was prejudiced as a result. Strickland v. Washington (1984),466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674, 698. In order to obtain an evidentiary hearing on the issue, Jackson was required to submit sufficient operative facts in his petition that, if proven, would entitle him to relief. Calhoun, 86 Ohio St.3d at 283, 714 N.E.2d at 910. Moreover, he was also required to demonstrate, in his petition, a significant possibility that he could indeed prove the facts alleged. The judge concluded that Jackson failed to demonstrate prejudice, and on this point we can agree.
Lane's affidavit states that he is currently incarcerated at Mansfield Correctional Institution, and that he met Jackson in 1991 while both were in jail in Cuyahoga County. Lane's affidavit further states that:
 1. That the Affiant was present at the scene in Cleveland, Ohio, on April 7, 1991, when Joe Travis was shot and killed.
 2. That the Affiant witnessed the shooting incident referred to in paragraph #1 above, and plainly saw and know the identity of the person who shot and killed the victim Joe Travis as stated in paragraph #1 above.
 3. That Charles Jackson is not the individual whom the Affiant saw shoot Joe Travis on April 7, 1991, nor did Affiant see Charles Jackson at or around the scene of the shooting incident referred to herein.
 4. That during the course of the shooting incident referred to in paragraph #1 above the Affiant was in the presence of several of his acquaintances who were at the scene of the crime, and who also witnessed the shooting incident.
 5. That after the victim Joe Travis had been shot, the Affiant and his acquaintences [sic] fled the crime scene having fear for our own safety, as well as fear of having to talk to law enforcement officials who would be called because of the homicide that occurred.
As noted supra, a judge is entitled to assess factors affecting the credibility of a petitioner's affidavits in deciding whether to grant an evidentiary hearing. Calhoun. One of these factors is that the affiant himself, in this case, is another prison inmate and, while this does not automatically render the factual assertions unbelievable, the judge was entitled to ask for greater detail than that offered by Lane before granting an evidentiary hearing. Lane's affidavit omits significant details of the shooting, such as the identity of the killer, the identity of his acquaintances, and the circumstances of his presence. More importantly, Lane does not explain in his affidavit how he was able to correctly and conclusively identify the killer as someone other than Jackson, when other witnesses had identified Jackson as the killer. These details are necessary not only for Lane's credibility, but to show that his testimony was more reliable than that of the witnesses who testified at Jackson's trial, thus providing a substantial probability that the jury would have believed Lane instead of the other witnesses. In order to do this, Lane would have to explain why his identification is reliable and because Lane did not explain the details of his claims, the judge properly dismissed the petition because Jackson did not show a significant possibility that he could prove his allegations at an evidentiary hearing.
Furthermore, Jackson did not complain about Lane's absence from trial until filing his petition for post-conviction relief in September 1996. Jackson claimed in his petition that he was only recently able to locate Lane, but did not explain how he had lost contact with him for over four years after his trial ended, especially when Lane had given him the names and addresses of his relatives. Although a delay in filing a post-conviction petition can have many causes, and we understand that a prison inmate might have difficulty obtaining information and aid necessary to pursue claims as promptly as others, the lengthy, unexplained delay in this case adversely affects the credibility of Jackson's petition. This delay, in conjunction with the failure of Lane's affidavit to offer details showing its credibility and reliability, was sufficient for the judge to conclude that Jackson would be unable to show prejudice. We reject both of Jackson's assignments of error and find the judge employed the proper standard of review and correctly denied an evidentiary hearing.
It is ordered that the appellee recover from appellant its costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
 A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. _________________________ ANNE L. KILBANE, JUDGE
KENNETH A. ROCCO, J., CONCUR; TERRENCE O'DONNELL, P.J., CONCURS IN JUDGMENT ONLY.
[1] Although the deadline for filing under former R.C. 2953.21 was September 21, 1996, the record indicates that Jackson's petition was received for filing on September 23, 1996, and we therefore assume that he submitted the petition for mailing from prison on or before September 21. The timeliness of his petition has not been challenged.