OPINION
Walter L. Parker is appealing the judgment of the Montgomery County Common Pleas Court, which designated him a sexual predator.
In 1989, Mr. Parker was convicted of raping a sixty-year-old security guard, while she was on duty. On March 21, 2001, a sexual predator hearing was held. Immediately prior to the hearing it was discovered that a psychological evaluation of Mr. Parker had been conducted but that the evaluation had never been sent out. The prosecutor had a copy faxed to the court, and the court and the parties reviewed the evaluation prior to the hearing. The State noted Mr. Parker's criminal history, which involved several prior sexual offenses. Defense counsel pointed to Mr. Parker's age and his participation in rehabilitation programs in prison as mitigating factors against a sexual predator designation. After hearing all the evidence, the trial court designated Mr. Parker a sexual predator.
Mr. Parker raises the following assignment of error:
 APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.
Mr. Parker argues that his counsel was ineffective for failing to prepare for the sexual predator hearing, specifically in failing to investigate and communicate with Mr. Parker. We disagree.
In order to obtain a reversal of a conviction based on ineffective assistance of counsel, a defendant must demonstrate that counsel's performance was deficient and that this deficient performance prejudiced the defendant to such a degree as to deny the defendant a fair trial.State v. Green (2000), 90 Ohio St.3d 352, 375, citing Strickland v.Washington (1984), 466 U.S. 668, 687. The defendant bears the burden of proof on both prongs because a properly licensed attorney is presumed competent in Ohio. State v. Jackson (1980), 64 Ohio St.2d 107, 111, 18 O.O.3d 348. Thus, the defendant must make a showing of reasonable probability that, but for counsel's deficient performance, the results of the proceeding would have been different. State v. Bradley (1989),42 Ohio St.3d 136, paragraph 3 of the syllabus, certiorari denied (1990), 497 U.S. 1011.
Mr. Parker asserts that his counsel was ineffective because he presented no witnesses and no mitigation evidence other than counsel's statement that Mr. Parker had attended those programs that he was eligible for and that his age would minimize his chances for recidivism. Also, Mr. Parker points to his trial counsel's failure to review the psychiatric evaluation as ineffective, but the transcript demonstrates that the court permitted both parties to review the evaluation before proceeding with the hearing. (Tr. 4). Mr. Parker does not present what particular evidence his counsel should have presented on his behalf, which might have changed the outcome of the hearing. Therefore, we do not know if any such evidence exists.
The evidence presented at the hearing demonstrated that Mr. Parker had numerous prior sexual offenses. Specifically, Mr. Parker was convicted of attempted sexual battery, for which he served five years. After being out of jail for six months, he was convicted of sexual abuse and served three years. Then, seven months after his release from prison, he again was convicted of sexual abuse and served five years in prison. Four months after being released from jail, Mr. Parker committed the underlying rape offense and was still incarcerated at the time of the hearing. Past conduct has been held to be a reliable indicator of future conduct. State v. Ward (1999), 130 Ohio App.3d 551, 558. State v.Ferguson (Mar. 31, 1998), Franklin App. No. 97AP06-858, unreported. Therefore, Mr. Parker's prior convictions presented overwhelming evidence that he posed a high risk of recidivism. Mr. Parker is unable to demonstrate that his trial counsel's failures resulted in prejudice, such that the outcome of the sexual predator hearing would have been different. Mr. Parker's assignment of error is without merit and is overruled.
The judgment of the trial court is affirmed.
BROGAN, J. and FAIN, J., concur.