OPINION
{¶ 1} Defendant-appellant Crystal Davis ("Davis") brings this appeal from the judgment of the Court of Common Pleas of Allen County, Juvenile Division, finding Davis to be a delinquent child.
 {¶ 2} On May 28, 2001, Davis, d.o.b. December 6, 1983, was restrained in the Allen County Juvenile Detention Center. Karlette Kill ("Kill") noticed that Davis had removed her bra, wrapped it around her neck, and was threatening to kill herself. Kill then called another employee, Charles Thomas ("Thomas"), to help restrain Davis while the room was emptied of all items that Davis could use to harm herself. While Kill emptied the room, Davis made several angry comments to her. When Kill went over to Davis to remove the bra from her neck, Davis grabbed on to Kill's hair and attempted to kick Kill. After a few seconds, Davis released Kill's hair and Kill and Thomas left the room. Kill sustained no injury as a result of the altercation.
 {¶ 3} On June 14, 2001, a complaint was filed alleging that Davis was a delinquent child for the attempted assault on Kill. The state claimed that Davis had violated R.C. 2903.13, which provides that no person shall cause or attempt to cause physical harm to another person. A hearing was held on the matter on April 18, 2002. At the hearing, Kill and Thomas both testified as to Davis's actions. They also testified that at the time of the incident, Davis was a resident of the juvenile detention center and that Kill was an employee of the center at that time. At the conclusion of the hearing, the trial court found Davis to be a delinquent child and ordered that she serve a minimum of six months in a youth treatment facility. It is from this judgment that Davis raises the following assignments of error.
 {¶ 4} "The trial court's verdict that [Davis] was guilty of assault is against the manifest weight of the evidence.
 {¶ 5} "[The state's] evidence was legally insufficient to support the verdict of the trial court."
 {¶ 6} Finally, Davis claims that she was denied effective assistance of counsel as the third assignment of error.
 {¶ 7} In the second assignment of error, Davis claims that the evidence was insufficient to support a finding that she was a delinquent child. A delinquent child is one whose conduct violates a criminal statute. R.C. 2952.02(F)(1). "Whether the evidence is legally sufficient to sustain a verdict is a question of law." State v. Thompkins (1997),78 Ohio St.3d 380, 386, 678 N.E.2d 541. When reviewing the sufficiency of the evidence, our review is limited to determining if evidence was presented, which if believed, could satisfy the average person of the defendant's guilt beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492. "In conducting this evaluation, we must view the evidence in the light most favorable to the prosecution, and ask whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at 274.
 {¶ 8} Here, two witnesses testified that Davis attempted to cause harm to Kill by grabbing Kill's hair and attempting to kick her. These witnesses also testified that at the time, Kill was employed by a youth detention facility and that Davis was a resident of the facility.[1] If this testimony was believed, a rational trier of fact could conclude that Davis had committed an assault. Since Davis, if tried as an adult, would have been found guilty of violating a criminal statute, the evidence is sufficient to support the trial court's finding that Davis is a delinquent child. The second assignment of error is overruled.
 {¶ 9} The first assignment of error alleges that the verdict was against the manifest weight of the evidence.
 {¶ 10} "Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. * * * Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to [its] verdict, if [the jurors] on weighing the evidence in their minds, * * * shall find the greater amount of credible evidence sustains the issue which is to be established * * *. Weight is not a question of mathematics, but depends on its effect in inducing belief.'" Id. at 387. (Citations omitted.)
 {¶ 11} As discussed above, the state presented two witnesses to the occurrence for which Davis was charged. Davis testified that none of the events happened, that she had not attempted to assault Kill and that she had not tried to kill herself. In her brief, Davis claims that Kill's bias against Davis was plain on the record. However, Davis does not explain why Thomas's testimony would be incorrect. Thomas testified that Davis had the bra around her own neck, that he restrained her, that she had grabbed hold of Kill's hair, and that Davis attempted to kick Kill though he did not know if any contact was made. Since the statute requires only that one attempt to cause injury to another, the attempted kick is sufficient to uphold a conviction for assault. Given the evidence before us, we do not find that the verdict was against the manifest weight of the evidence. The first assignment of error is overruled.
 {¶ 12} In the third assignment of error, Davis claims that she was denied effective assistance of counsel.
 {¶ 13} "When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness.
 {¶ 14} "On the issue of counsel's effectiveness, the appellant has the burden of proof, since in Ohio a properly licensed attorney is presumably competent. * * * [T]he initial burden [is placed] upon the appellant since, * * * [t]o impose automatically the initial burden of proof on the state * * * would penalize the prosecution for acts over which it can have no control." State v. Jackson (1980), 64 Ohio St.2d 107,110-11, 413 N.E.2d 819.
 {¶ 15} Here, Davis claims that she was denied effective assistance of counsel for three reasons. First Davis claims that her counsel did not discuss all possible affirmative defenses. However, the record is silent as to what counsel discussed with Davis outside of court. Without a record to review, we have no ability to determine the validity of the claim.
 {¶ 16} Second, Davis claims that her counsel was ineffective because he failed to request a motion for acquittal at the close of the state's case. However, this is not a criminal case and there was no jury. The determination as to whether Davis is a delinquent child is solely left to the discretion of the trial court. Here, the state presented the testimony of two witnesses who both testified that Davis had attempted to kick Kill. The witnesses also testified that the acts occurred when they entered Davis' room at the juvenile detention center to remove any objects with which Davis could harm herself. Given this evidence, the trial court could reasonably determine that the state had proven its case.[2] Thus, there was no prejudice that resulted from the failure to make a motion for acquittal at the close of the state's case in chief.
 {¶ 17} Finally, Davis claims that her attorney was ineffective because he established one of the elements of the offense, that she was incarcerated at the facility awaiting commitment at the time the offense occurred. Kill testified that the incident occurred at Davis's room at the juvenile detention center and that she saw Davis with the bra around her neck threatening suicide when Kill did her bed check. Thomas also testified that the incident occurred in Davis's room at the juvenile detention center. To increase the degree of culpability from a first degree misdemeanor to a fifth degree felony, the statute only requires that the offense occurs at a detention facility, that the victim be an employee of the facility, and that the offender is under any type of government supervision. The state's witnesses testified that Davis was a resident of the facility at the time of the offense and was thus under government supervision. This testimony was elicited by the prosecuting attorney, not the defense attorney. Thus, defense counsel's questioning as to the specific reason for Davis's detention was not the only testimony that would meet the elements of the offense. Davis was not prejudiced by counsel's questions. Therefore, the third assignment of error is also overruled.
 {¶ 18} The judgment of the Court of Common Pleas, Juvenile Division is affirmed.
Judgment affirmed.
 HADLEY and WALTERS, JJ., concur.
[1] The trial court had already entered a finding that at the time of the offense Davis was a minor. January 10, 2002 judgment entry.
[2] This was the decision of the trial court after all of the evidence was presented, including the testimony of Davis herself.