[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The first assignment of error, which alleges that the trial court erred in dismissing defendant-appellant Harry Kersey's petition for postconviction relief without holding a hearing, is overruled. A petitioner is not automatically entitled to a hearing in a postconviction proceeding, but rather must adduce sufficient evidence to warrant a hearing. See State v. Jackson (1980), 64 Ohio St.2d 107, 413 N.E.2d 819. The trial court must determine from the petition, the supporting documents and the record whether there are substantive grounds for relief before granting a hearing. See State v. Rojas (Dec. 29, 1995), Hamilton App. No. C-950091, unreported; State v. Cook (Dec. 29, 1995), Hamilton App. No. C-950090, unreported.
With respect to Kersey's allegations of ineffective assistance of counsel, he had to show that there was a substantial violation of his defense counsel's duties and that he was prejudiced by counsel's ineffectiveness. See Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052; State v. Lytle (1976), 48 Ohio St.2d 391, 358 N.E.2d 623, vacated in part on other grounds (1978), 438 U.S. 910, 98 S.Ct. 3135. In order to demonstrate prejudice, Kersey had to show that there existed a reasonable probability that, but for counsel's errors, the result of the trial would have been different. See State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373, certiorari denied (1990), 497 U.S. 1011,110 S.Ct. 3258. On this record, we hold that Kersey failed to show that his trial, due to his counsel's ineffectiveness, was so demonstrably unfair that there was a reasonable probability that the result would have been different absent counsel's deficient performance. See State v.Mills (Mar. 15, 1995), Hamilton App. No. C-930817, unreported; State v.Holloway (Jan. 29, 1992), Hamilton App. No. C-900805, unreported.
The second assignment of error, alleging that the trial court erred in adopting the findings of fact and conclusions of law submitted by the state, is overruled. The trial court's adoption of the findings of fact and conclusions of law submitted by the state does not, by itself, deprive a petitioner of a meaningful review of his petition for postconviction relief and does not constitute error in the absence of demonstrated prejudice. See State v. Dunlap (June 26, 1998), Hamilton App. No. C-970117, unreported; State v. Beuke (Aug. 14, 1991), Hamilton App. No. C-900718, unreported.
The third assignment of error, which alleges that the trial court erred in adopting findings of fact and conclusions of law that were not supported by the record, is overruled. Following a review of the record, we hold that it supports the trial court's findings of fact and conclusions of law, including the trial court's ultimate determination that had the information in Kersey's exhibits been presented at trial, there was no reasonable probability that the outcome would have been different.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Doan and Winkler, JJ.