[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
We overrule the appellant's three assignments of error upon our determination that the common pleas court properly dismissed his petition for postconviction relief. See R.C. 2953.21. The appellant's claim for relief challenging the trial court's compliance with Crim.R. 11 in accepting his guilty plea was subject to dismissal under the doctrine ofres judicata, when it presented a matter that could have been raised on direct appeal from the appellant's conviction. See State v. Perry
(1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. The balance of the claims, which challenged trial counsel's competence, were subject to dismissal without an evidentiary hearing, when the claims presented matters that depended for their resolution upon evidence dehors the record, and the appellant failed to submit with his petition evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief. See R.C. 2953.21(C); Statev. Jackson (1980), 64 Ohio St.2d 107, 413 N.E.2d 819, syllabus.
We, therefore, affirm the judgment of the court below.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Hildebrandt and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.