DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas that denied appellant's petition for postconviction relief and granted appellee's motion for summary judgment/motion to dismiss. For the reasons that follow, this court affirms the judgment of the trial court.
Appellant sets forth the following assignment of error:
 "THE TRIAL COURT ERRED IN DENYING APPELLANT A HEARING ON HIS CLAIM FOR POST-CONVICTION RELIEF AND IN DENYING RELIEF WHEN APPELLANT PRESENTED SUBSTANTIAL EVIDENCE BY WAY OF AFFIDAVITS FROM HIMSELF AND FROM HIS TRIAL COUNSEL INDICATING THAT HIS WAIVER OF A JURY TRIAL WAS NOT KNOWING, INTELLIGENT, AND VOLUNTARY."
The facts that are relevant to the issues raised on appeal are as follows. On March 12, 1997, appellant entered a plea of not guilty to each count of an eleven-count indictment. On February 23, 1998, he withdrew his previous plea and entered guilty pleas to five of the eleven counts in the indictment. On February 24, 1998, appellant orally and in writing waived his right to a jury trial on the remaining counts and agreed to have his trial heard by a three-judge panel.
On March 9, 1998, the three-judge panel found appellant guilty as to all counts and specifications: three counts of aggravated murder, all with firearm specifications; one count of kidnaping, with a firearm specification; one count of aggravated robbery, with a firearm specification, and one count of receiving stolen property, motor vehicle. Following the mitigation hearing, the trial court found that the aggravating circumstances outweighed the mitigating factors and sentenced appellant to death. Appellant's sentence of death was stayed pending the outcome of his appeals to the Supreme Court of Ohio and the United States Supreme Court.
On September 15, 1999, appellant filed an amended petition for postconviction relief pursuant to R.C. 2953.21. Appellee thereafter filed a motion for summary judgment/motion to dismiss. Appellant presented several arguments in support of his claims for relief, but on appeal raises only the issue of the waiver of his right to a jury trial. As to this issue, appellant asserted in his petition that the waiver of his right to trial before a jury was not made knowingly, intelligently and voluntarily. Appellant argued that the trial court did not conduct a "meaningful colloquy" with him regarding his understanding of the appellate consequences of waiving his right to a jury trial and, specifically, did not tell him that certain errors which might be considered prejudicial by an appellate court if they occurred before a jury would be deemed harmless if they occurred before a judge or three-judge panel. Appellant argued that if he had been so informed he would not have agreed to the waiver. Appellant asked the trial court for an evidentiary hearing on his petition.
On February 3, 2000, the trial court denied appellant's petition. The trial court found that there is no case law directly addressing the issue of what inquiries must be made when a defendant waives his right to a jury trial and no authority requiring that a trial court specifically advise a defendant of the appellate standard of review of such a waiver. The trial court accordingly dismissed appellant's petition without hearing.
In support of his sole assignment of error, appellant asserts that the trial court erred by denying him a hearing on his petition and by denying the petition when he presented substantial evidence that his waiver of a jury trial was not knowing, intelligent or voluntary. Appellant again asserts that, had he been informed of the appellate standard of review, he would not have waived a jury trial.
Pursuant to R.C. 2953.21, a criminal defendant seeking to challenge his conviction through a petition for postconviction relief is not automatically entitled to a hearing. State v. Calhoun (1999),86 Ohio St.3d 279, 282. Before granting an evidentiary hearing on the petition, the trial court shall determine whether there are substantive grounds for relief. R.C. 2953.21(C). The Supreme Court of Ohio has held that, in the interest of judicial economy, it is not unreasonable to require the defendant to show in his petition for postconviction relief that such errors resulted in prejudice before a hearing is scheduled. See State v. Jackson (1980), 64 Ohio St.2d 107, 112.
As to the question of the manner in which appellant's waiver was executed, we find the trial court's analysis correct in all respects. The Supreme Court of Ohio addressed this precise issue in State v.Baston (1999), 85 Ohio St.3d 418, in which the defendant presented arguments identical to those set forth by appellant in the case before us. The Baston court noted that there is no constitutional case law directly addressing what inquiries must be made when a defendant waives his right to trial by jury. Id. at 422. Baston further stated that "the cases addressing waiver of fundamental constitutional rights emphasize that trial courts must apprise the defendant of the `relevant circumstances and likely consequences' to determine whether the defendant's waiver is made freely and intelligently." Baston at 422, citing Brady v. United States (1970), 397 U.S. 742, 748. Baston also cited its earlier decision in State v. Jells (1990), 53 Ohio St.3d 22, paragraph one of the syllabus, wherein the court held that "[t]here is no requirement for a trial court to interrogate a defendant in order to determine whether he or she is fully apprised of the right to a jury trial."
The trial court in this case reviewed the memoranda of the parties and the evidence submitted with appellant's petition, considered the applicable law, and found that there did not exist substantive grounds for relief and that a hearing was not required. We agree.
Appellant concedes that there is no requirement in Ohio for the trial court to interrogate a defendant in order to be sure that he is fully apprised of his right to a jury trial. Appellant continues to assert, however, that the record affirmatively demonstrates that his waiver was not knowing, intelligent or voluntary because the trial court did not advise him of the appellate standard of review. The record shows that appellant signed a written waiver of his right to a jury trial and that, when asked by the trial court, stated that he wished to waive that right. The record reflects the lengthy exchange — six pages of transcript — between the trial court and appellant prior to acceptance of the written waiver, in which the court advised appellant of the following: that if his case were to proceed to a jury trial, a jury of twelve persons would be chosen with input from his counsel; that the jury would make a determination of guilty or not guilty based on the evidence presented; that the decision of the jury as to guilt and, if it found him guilty, as to a recommendation of the death sentence would have to be unanimous, and that the decision of the three judges would have to be unanimous in order to impose the death penalty. The dialog between the trial court and appellant culminated with the following:
 "THE COURT: And you've had a chance to review with both Mr. Cameron and Mr. Wingate the strategic pro's and con's of proceeding by means of a jury trial as opposed to proceeding by three-judge panel?
"THE DEFENDANT: Yes.
 "THE COURT: And is it your wish at this time to give up, waive and reject your right to a jury trial?
"THE DEFENDANT: Yes.
 "THE COURT: All right. At this time, Mr. Wingate, I would ask that you review with Mr. Green the written waiver of jury trial that the Court has preliminarily prepared and, if appropriate, have him sign that document.
 "MR. WINGATE: I'll indicate that Mr. Green and I have had an opportunity to review the waiver of jury trial form, and he has knowingly, intelligently and voluntarily affixed his signature thereto.
 "THE COURT: And you've had a chance to consult with him, Mr. Wingate and Mr. Cameron, with regard to advantages or disadvantages of proceeding by means of a three-judge panel as opposed to a judge with a jury?
"MR. WINGATE: That is correct.
 "THE COURT: All right. And confident that this decision on his part is made freely, knowingly, intelligently and voluntarily?
"MR. WINGATE: Yes."
Despite all of the foregoing, appellant argues the validity of his jury waiver. Based on the evidence in the record and the law as set forth above, however, we find that appellant's waiver of a jury trial was made knowingly, intelligently and voluntarily and that the trial court did not err by denying appellant's petition without hearing. Accordingly, appellant's sole assignment of error is not well-taken.
On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ____________________________ Richard W. Knepper, J.
 Peter M. Handwork, J., James R. Sherck, J., JUDGES CONCUR.