OPINION
{¶ 1} William Poe, II (Poe) is appealing from his convictions on two counts of rape against two separate young girls, three-year-old K.T. and six-year-old C.H. The indictment against the defendant for the assault on K.T. included a specification that Poe purposely compelled the victim to submit by force or threat of force. The indictment for the assault on C.H. included an alternate indictment of gross sexual imposition. The two cases were consolidated for trial and, following a three day jury trial, Poe was convicted of rape with the force specification in the case of K.T., and he was convicted of rape in the case of C.H. The gross sexual imposition charge was ignored by the jury.
 {¶ 2} Poe was sentenced to maximum consecutive sentences, which amounted to life in prison with parole eligibility of twenty years. He was also classified as a sexual predator.
 {¶ 3} On appeal, Poe brings to this court the following three assignments of error:
 {¶ 4} "The jury's verdict in the case at hand was contrary to the weight and/or sufficiency of the evidence.
 {¶ 5} "The jury's verdict should be overturned because appellant did not have effective assistance of counsel.
 {¶ 6} "The trial court erred by not granting defense counsel's motion for dismissal based upon the state's failure to establish jurisdiction in Clark County, Ohio."
 I {¶ 7} When evaluating a claim that the conviction is against the manifest weight of the evidence, an appellate court, "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins,78 Ohio St.3d 380, 387, 1997-Ohio-52. A verdict should be overturned as against the manifest weight of the evidence only in extraordinary situations when the evidence weighs heavily against the conviction. Id. Appellant argues that while he admits he committed gross sexual imposition against both girls, he did not have penetration as to either one. He asserts that the physical evidence in both cases is not conclusive or, rather, it can be medically considered consistent with both penetration and non-penetration.
 {¶ 8} The State points out that in the case of K.T., her great grandmother testified that upon entering her granddaughter's home, she heard K.T. crying, opened the bathroom door, and witnessed Poe inserting his penis part way into K.T.'s rectum. She had a clear view of the scene and testified that she saw his penis part way into K.T.'s rectum.
 {¶ 9} There was also evidence from an examination of K.T. that she suffered some vaginal abrasions and an anal fissure was found.
 {¶ 10} As to C.H., her brother testified that he saw her in the bathroom with her leg on the dryer and the sink held there by Willie (the appellant) with her head in the tub and crying for help. Willie had his hands in the tub. Her brother went downstairs and tried to get help and testified that while he was in the bathroom Willie "told me not to tell anybody," and added that if he did tell somebody that Willie would hurt him. Tr. 233-236. A medical expert in child sexual abuse examinations (Tr. 137) testified that C.H. told him "Uncle Willie bended me over the bathtub . . . put the soap" and "stuck it in front." (Tr. 149). He further testified that the bar of soap could have been used for some type of lubrication prior to penetration and that C.H. herself was probably crying or so upset that she was not quite aware of what was happening with the soap or any other objects. (Tr. 153).
 {¶ 11} The record before us does not support an argument that either conviction was against the manifest weight of the evidence. As the Supreme Court has ruled, a conviction should only be overturned as against the manifest weight of the evidence in extraordinary situations when the evidence weighs heavily against the conviction. Id.
 {¶ 12} As to the sufficiency of the evidence, given our determination that Poe's convictions are supported by the manifest weight of the evidence, they necessarily are based on legally sufficient evidence as well. State v. Hibbler, Clark App. No. 2001-CA 43, 2002-Ohio-4464.
 II {¶ 13} Poe's argument that he was provided ineffective assistance of counsel is based on only two assertions: to-wit, that his counsel called only one witness while the State called fourteen, and that his counsel's opening statement was not as long as the prosecutor's, being only one-fourth as long. As the State has pointed out, this is an argument based upon quantity and not quality. Since in Ohio a properly licensed attorney is presumed to be competent, the burden is upon the appellant to prove his assistance of counsel is ineffective. State v.Jackson (1980), 64 Ohio St.2d 107. In Ohio, a two-step process must be employed when considering an allegation of ineffective assistance of counsel, to-wit: first, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, analytically separate from the question of whether defendant's Sixth Amendment rights were violated, there must be a determination as to whether defense was prejudiced by counsel's ineffectiveness. State v. Lytle (1976), 48 Ohio St.2d 391, 396-97. We cannot find anything in the record to support any claim that trial counsel in this case fell below an objective standard of reasonableness in representing Poe. Furthermore, the case against Poe was rather overwhelming and his counsel fought vigorously on the issue of penetration since, as the State points out, outright acquittal was hardly possible. We find no evidence whatsoever that trial counsel was ineffective in this case.
 III {¶ 14} As to the argument that venue of the crime was not established in the City of Springfield, Ohio, this assignment of error is refuted not only by the Bill of Particulars, which identifies the offenses at a street address in Springfield, but also by the testimony from State's witnesses as to the street addresses where both offenses occurred and the addresses were within the City of Springfield, Ohio.
 {¶ 15} All three assignments of error are overruled and the judgment is affirmed.
BROGAN, J. and GRADY, J., concur.