JOURNAL ENTRY AND OPINION
{¶ 1} The State of Ohio appeals from an order of Judge Nancy M. Russo that granted Joseph Bradley's petition for postconviction relief on grounds of ineffective assistance of counsel. The State claims Bradley failed to prove he was deprived of a fair trial because of his lawyer's alleged conflict of interest. We reverse and reinstate the conviction.
 {¶ 2} In February 2001, a jury found Bradley guilty of aggravated burglary,[1] kidnapping,[2] aggravated robbery,[3] and vandalism,[4] each of which carried separate three-year firearm specifications. He was sentenced to a total of nine years in prison.
 {¶ 3} Bradley appealed his conviction and, while it was pending, he moved for postconviction relief asserting, among others, insufficiency of the evidence, that the verdict was against the manifest weight of the evidence, and ineffective assistance of counsel. We affirmed his conviction.[5]
 {¶ 4} Following a hearing on his petition for postconviction relief, the judge vacated Bradley's conviction and ordered a new trial because of the non-disclosure of an office sharing relationship between his lawyer and the prosecutor. This court granted the State leave to appeal and it asserts two assignments of error set forth in the appendix to this opinion.
 {¶ 5} As a preliminary matter, Bradley asserts that the State's appeal from the judge's January 14, 2004 findings of fact and conclusions of law is not properly before this court because it is not a final appealable order. He contends that the State was required to appeal from the judge's March 19, 2003 order granting his petition because R.C. 2953.21 requires the filing of findings of fact and conclusion of law only when a petition for postconviction relief is denied, not when one is granted. A careful reading of R.C. 2953.21(G) mandates otherwise, and states in relevant portion,
{¶ 6} "If no direct appeal of the case is pending and thecourt finds grounds for relief or if a pending direct appeal ofthe case has been remanded to the court pursuant to a requestmade pursuant to division (E) of this section and the court findsgrounds for granting relief, it shall make and file findings offact and conclusions of law and shall enter a judgment thatvacates and sets aside the judgment in question, and, in the caseof a petitioner who is a prisoner in custody, shall discharge orresentence the petitioner or grant a new trial as the courtdetermines appropriate."[6]
 {¶ 7} After Bradley's direct appeal was no longer pending, the judge found merit to the petition for postconviction relief, and the statute then mandated the filing of findings of fact and conclusion of law. The state could not appeal until these findings were issued.
 CONFLICT OF INTEREST AND PROSECUTORIAL MISCONDUCT {¶ 8} The State claims that postconviction relief for Bradley is unavailable without proof of an actual conflict of interest and, additionally, that the judge committed reversible error by concluding that prosecutorial misconduct prevented a fair trial. As both assignments of error relate to the determination that the non-disclosure of an office sharing relationship prevented Bradley from obtaining a fair trial, we address these assignments together.
 {¶ 9} Postconviction relief may be granted only where the petitioner demonstrates that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the United States Constitution.[7] When the petition asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidence containing sufficient facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness.[8]
 {¶ 10} A two-step process is employed in determining whether the right to effective counsel has been violated: First, a defendant must show that his lawyer's performance was deficient, a showing that he made errors so serious that he was not functioning as the "counsel" guaranteed to the defendant by theSixth Amendment. Second, a defendant must show that the deficient performance prejudiced his defense, which requires showing that his lawyer's errors were so serious that he was deprived of a fair trial, a trial whose result is reliable.[9]
 {¶ 11} To demonstrate prejudice, Bradley must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."[10] The judge must also evaluate "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."[11] The burden of proof rests on the defendant, who must overcome the strong presumption that a lawyer's performance was adequate.[12]
 {¶ 12} Attached to Bradley's motion for postconviction relief is an affidavit by his appellate lawyer stating that she discovered the office sharing arrangement between her client's trial lawyer and the assistant prosecutor in the course of her representation of Bradley, and that this arrangement was never disclosed to him, a fact to which Bradley had testified to at the hearing.
 {¶ 13} Bradley admitted he learned of the arrangement shortly before sentencing when he listened to a casual conversation between the two men, but claimed that fear kept him from coming forward and advising the judge of the arrangement. He has failed to prove, however, that the office sharing relationship prejudiced the case in such a way as to deprive him of a fair trial.
 {¶ 14} In his petition Bradley clearly claims that the office sharing arrangement created the appearance of impropriety, but this appearance of impropriety does not rise to the level of ineffective assistance of counsel, particularly when he failed to prove that the business relationship in any way prejudiced his case. There is no evidence that his lawyer's defense strategy was adversely affected by sharing an office with the prosecutor, particularly in light of this court's affirmance of Bradley's direct appeal on grounds of ineffective assistance of counsel.
 {¶ 15} The trial judge's own colloquy after the hearing supports this conclusion when she stated,
{¶ 16} "I'm not saying in this decision that I'm assuming thatthere was misfeasance or misconduct by any of the lawyers, but Iam saying that there is, without any question, an appearance ofimpropriety and a total inability for this Court to believe thatanybody in this county had confidence in the verdict that wasrendered."
 {¶ 17} Bradley's appellate lawyer has failed to provide, and we have not found, any law to support the contention that an "appearance of impropriety" is a substitute for a finding of prejudice as required under Strickland.
 {¶ 18} In his direct appeal Bradley raised several claims of ineffective assistance of counsel involving trial strategies and the alleged failure to focus on certain pieces of evidence. This court found that his trial lawyer was not ineffective and affirmed his conviction. Therefore, if the office sharing between the two attorneys presented the appearance of impropriety, we cannot say that such an appearance tainted the performance of Bradley's lawyer at trial to satisfy any finding of prejudice. The United States Supreme Court has held, "the possibility of a conflict of interest is insufficient to impugn a criminal conviction."[13]
 {¶ 19} Bradley has failed to demonstrate an actual conflict of interest, and our opinion on his direct appeal found no merit to charges of ineffective assistance of counsel. The assignments of error have merit.
Judgment reversed, and Bradley's conviction reinstated.
APPENDIX A:
 ASSIGNMENTS OF ERROR
 I. POSTCONVICTION RELIEF BASED ON INEFFECTIVE ASSISTANCE OFCOUNSEL IS UNAVAILABLE TO A DEFENDANT WHO FAILS TO PROVE THAT HISTRIAL COUNSEL HAD A CONFLICT OF INTEREST.
 II. REVERSIBLE ERROR OCCURS WHEN A TRIAL COURT ERRONEOUSLYCONCLUDES THAT PROSECUTORIAL MISCONDUCT DENIED DEFENDANT A FAIRTRIAL.
It is ordered that appellant recover from appellee costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J., and Calabrese Jr., J., concur.
[1] R.C. 2911.11.
[2] R.C. 2905.01.
[3] R.C. 2911.11.
[4] R.C. 2909.05.
[5] State v. Bradley (August 1, 2002), Cuyahoga App. No. 79354, 2002-Ohio-3895.
[6] R.C. 2953.21(G), (Emphasis added.)
[7] See R.C. 2953.21(A).
[8] State v. Jackson (1980), 64 Ohio St.2d 107,413 N.E.2d 819, syllabus.
[9] Strickland v. Washington (1984), 466 U.S. 668, 687,104 S. Ct. 2052, 80 L.Ed.2d 674.
[10] State v. Bradley (1989), 42 Ohio St. 3d 136,538 N.E.2d 373, paragraph three of the syllabus.
[11] Strickland, 466 U.S. at 690.
[12] Strickland, 466 U.S. at 689.
[13] Cuyler v. Sullivan (1980), 446 U.S. 335, 350,100 S.Ct. 1708, 64 L.Ed2d 333.