OPINION
{¶ 1} Roderick Lander appeals the trial court's denial of his post-conviction relief petition. Lander was convicted in July 1990 of aggravated murder and aggravated *Page 2 
robbery. Lander was sentenced to life in prison consecutive to a 10-25 year sentence for the aggravated robbery. His convictions were affirmed by this Court on September 26, 1991.
 {¶ 2} On August 29, 2006, Lander filed a petition for post-conviction relief asserting that he received an unconstitutional sentence and that he was denied the effective assistance of counsel when his counsel failed to conduct an adequate pretrial investigation. The State moved to dismiss Lander's petition as untimely, which was granted by the trial court.
 {¶ 3} Appellant contends in his second assignment of error that the trial court erred in dismissing his petition as untimely. The State argues that Lander's petition was untimely because it was not filed in compliance with R.C. 2953.21(A)(2), which provides as follows:
 {¶ 4} "(2) A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or the date on which the trial transcript is filed in the supreme court if the direct appeal involves a sentence of death. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 5} The State recognizes, however, that a trial court may entertain a petition filed after the expiration of the time period in division (A) of that section if both of the following apply:
 {¶ 6} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the *Page 3 
claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 7} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * * ." R.C. 2953.23(A)(1).
 {¶ 8} The State argues and we agree that Lander did not allege in his petition that he was unavoidably prevented from the discovery of the facts upon which he must rely to support his claim. Nor did he show that the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in Lander's situation, and that his petition asserted that claim. Indeed, in Schriro v. Summerlin
(2004), 542 U.S. 348, 124 S.Ct. 2519, 159 L.Ed.2d 442, the United States Supreme Court refused to apply Ring v. Arizona (2002), 536 U.S. 584,122 S.Ct. 2428, 153 L.Ed.2d 556, which applied the "Apprendi principle" to the Arizona death penalty scheme retroactively. Justice Scalia wrote on behalf of the Court:
 {¶ 9} "The right to jury trial is fundamental to our system of criminal procedure, and States are bound to enforce the Sixth Amendment's guarantees as we interpret them. But it does not follow that, when a criminal defendant has had a full trial and one round of appeals in which the State faithfully applied the Constitution as we understood it at the time, he may nevertheless continue to litigate his claims indefinitely in hopes that we will one day have a change of heart. Ring announced a new procedural rule that does not apply retroactively to cases already final on direct review. The contrary *Page 4 
judgment of the Ninth Circuit is reversed, and the case is remanded for further proceedings consistent with this opinion." Schriro,542 U.S. at 358.
 {¶ 10} Even if Landers had demonstrated extraordinary circumstances for his late filing, he failed to attach any evidentiary documents to support his claim that his trial counsel failed to investigate his claim or prepare properly. Moreover, he has failed to show that had he done so, no reasonable factfinder would have found him guilty of the offenses of which he was convicted. See State v. Jackson (1980),64 Ohio St.2d 107, 119, 18 O.O.3d 348, 413 N.E.2d 819. Lander's assignment of error is overruled. The Judgment of the trial court is Affirmed.
FAIN, J., and DONOVAN, J., concur.
Copies mailed to:
Mathias H. Heck, Jr.
Carley J. Ingram
Keith E. Golden
 Hon. Frances McGee *Page 1